# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00247-CR

**Chauncey Eugene Wilson, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
## NO. 60949, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Chauncey Eugene Wilson of the murder of Roy Lee Taplin. Wilson was sentenced to life in prison. He contends that the district court erred in (1) denying his request for mistrial based on a juror's alleged involvement in the murder investigation; and (2) overruling his objection to certain testimony as irrelevant and inflammatory. We affirm the judgment of conviction.

As Wilson does not challenge the sufficiency of the evidence, we provide only a brief summary of the facts. Wilson was involved in a dating relationship with Jasmin Alexander. Before dating Wilson, Alexander had been involved in a dating relationship with Roy Lee Taplin. Even after the relationship between Alexander and Taplin had ended and while Alexander was dating Wilson, Taplin continued to visit Alexander. These visits were sometimes sexual in nature and resulted in several altercations between Taplin and Wilson. On March 16, 2007, Taplin came to

Alexander's house while Wilson was there. When Taplin entered the house, Wilson fatally shot Taplin in the face and neck with a shotgun.

Wilson was indicted for murder. A jury convicted Wilson as charged and assessed a punishment of life in prison. Wilson appeals.

In his first point of error, Wilson contends that the trial court erred in denying his request for a mistrial following the discovery that one of the jurors had allegedly been involved in the investigation of the case and was, according to Wilson, a potential witness in the case. According to the State, the district court properly denied Wilson's mistrial request because the juror had no personal knowledge of the case and was, therefore, not a potential witness in the case.

Wilson complains of Juror No. 20 based on information revealed after voir dire. During voir dire, Juror No. 20 raised her hand to indicate that she had "heard" something about the case. When questioned further, she stated that she worked as a secretary for the Temple Police Department. She indicated that she had heard about the murder but worked in a different department and, therefore, "didn't hear any of the specifics on the case." She further indicated that she thought she could be fair, that "with my job, I feel like I could be even more [fair] because I do know you have to listen to all of the evidence and you have to have all of the facts to have an opinion." Juror No. 20 was selected to be on the jury without objection. In the evening after voir dire and before trial on the merits commenced the next day, Joe Adcock, who was an employee of the Temple Police Department and assisting in the investigation of the murder, informed the prosecutor that he had measured the foot of Juror No. 20 to compare the measurement to a photo of a footprint he had taken at the crime scene. According to the prosecutor:

2

> He [Adcock] went down and got her and said, "Hey, I need to use your foot. Can I measure it for a murder case?" She said, "Okay." He measured it and sent her on her way, and that was the extent of his involvement.

In light of this information, defense counsel objected to having Juror No. 20 sit on the panel on the basis that "she's part of the investigation and would have some bias."

Article 35 of the Texas Code of Criminal Procedure governs jury selection. A juror can be challenged for cause if he or she is a witness in the case. Tex. Code Crim. Proc. Ann. art. 35.16(a)(6) (West 2006). According to the Texas Court of Criminal Appeals, the test for determining whether a person is a witness in a case is not whether the person is actually called to the witness stand but whether the person "saw the commission of the offense or was so closely connected to the events of the offense or subsequent investigation as to be a 'witness' to the crime and its incidents" or if he or she "has personal knowledge of facts of the case." *Wyle v. State*, 777 S.W.2d 709, 712 (Tex. Crim. App. 1989).

There is nothing in the record demonstrating that Juror No. 20 had personal knowledge of the facts of the case. As she stated in voir dire, she knew that a murder had happened on March 16, but knew none of the details. An investigator's measuring her foot for some undisclosed purpose, without more, revealed nothing about the details of the case or its investigation. There is no evidence in this record that Juror No. 20 learned anything about this case based on the contact with the investigator. Without personal knowledge of the case, Juror No. 20 was not a potential witness in the case. Accordingly, we overrule Wilson's first point of error.

In his second and third points of error, Wilson argues that the district court erred in overruling his objection to the admission of certain testimony. Wilson first complains about the

3

testimony of Laquisha Waudby, who testified that she had gone to visit Taplin at his house the day before the murder and heard "[a] lot of loud arguing amongst men." She testified that she recognized Taplin's voice and that a threat was made by another male—"I'm going to kill you"—but that she did not recognize the voice of the person making the threat.[1] According to Wilson:

> [Waudby's testimony] was not relevant because she [Waudby] was unable to identify the Appellant as being involved in that incident. . . . The testimony of Laquisha Waudby was not relevant to the previous relationship existing between the accused and the deceased nor the condition of the mind of the accused at the time of the offense.

At trial, when Waudby testified as to what she had heard, defense counsel made the following interjection:

> Your Honor, if it please - Your Honor, if it please the Court, we need to have her, if we can, identify who it was that allegedly made these utterances, please.

The trial court responded: "I'll overrule."

Wilson also complains about the admission of Waudby's testimony regarding her feelings when she learned that Taplin had been killed:

Q.   When you heard that, what did you think?

A.   I was in shock. I couldn't believe it. But it kind of came over me that -

---

[1]  Other witnesses also testified to observing the argument between Wilson and Taplin. According to the testimony of those witnesses, Wilson made threatening statements to Taplin.

| | |
|---|---|
| Defense counsel: | Your Honor, we feel this is objectionable for her to characterize any feelings that she had concerning the shooting, please, and we object. |
| Court: | All right. I'll overrule, let her answer the question. |

Wilson argues that defense counsel's objection to this testimony should have been sustained because the testimony was inflammatory.

In order to preserve an issue for appellate review, a timely and specific objection is required. Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 103(a)(1); *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006). Objections must be specific, first, to inform the trial judge of the reason for the objection and afford him an opportunity to rule on it and, second, to afford opposing counsel the opportunity to respond to the complaint by removing the objection or supplying other testimony. *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002) (citing *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977)). A party's objection is adequately specific if the objection informs the trial judge what the party wants and why he is entitled to it. *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). In *Lankston*, the Texas Court of Criminal Appeals explained:

> As regards specificity, all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it. Of course, when it seems from context that a party failed effectively to communicate his desire, then reviewing courts should not hesitate to hold that appellate complaints arising from the event have been lost. But otherwise, they should reach the merits of those complaints without requiring that the parties read some special script to make their wishes known.

*Id.* In both instances relevant here, defense counsel failed to state any grounds for his objection. In the first instance, in fact, although the district court apparently interpreted counsel's statement as an objection by overruling it, it is not clear that, in telling the court "we need to have her, if we can, identify who it was that allegedly made these utterances, please," that counsel was objecting at all, much less that counsel was objecting as to relevance. In the second instance, defense counsel made it clear that he was objecting to the witness's statement, but did not make clear why the statement was objectionable under the rules of evidence, and the record gives no indication that either the district court or opposing counsel understood that the grounds for the objection was that counsel believed the testimony to be inflammatory. *Cf., e.g.*, *Gillenwaters*, 205 S.W.3d at 538 (motion for new trial was sufficient to convey movant's "unconstitutionally vague as applied" challenge even though the word "vague" appeared nowhere in the motion because movant's consistent complaint throughout trial was that statute was too vague to be enforceable; motion was insufficient to convey "unconstitutionally overbroad as applied" challenge where the word "overbroad" appeared nowhere in the motion, and movant had not challenged the statute on those grounds during trial); *Lankston*, 827 S.W.2d at 909, 910-11 (hearsay objection sufficiently specific where "it is clear from context that both judge and prosecutor understood" the basis for the objection).

In the absence of sufficiently specific objections, the prosecutor had no opportunity to respond by removing the objectionable testimony or supplying other testimony. *See Saldano*, 70 S.W.3d at 887 (citing *Zillender*, 557 S.W.2d at 517). Wilson failed to preserve any potential error with respect to the testimony at issue. Accordingly, we overrule Wilson's second and third points of error.

6

Wilson's points of error are overruled, and the judgment of conviction is affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   April 17, 2009

Do Not Publish