**David Carrol GILLENWATERS,**
**Appellant**

v.

**The STATE of Texas.**

**No. PD–1443–05.**

Court of Criminal Appeals of Texas.

Sept. 27, 2006.

Keith Hampton, Austin, for Appellant.

Brandon Dakroub, Assistant County Atty., Georgetown, Matthew Paul, State's Atty., Austin, for State.

HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, PRICE, WOMACK, JOHNSON, and COCHRAN, JJ., joined.

The Third Court of Appeals held that it "need not consider" whether the telephone harassment statute had been unconstitutionally applied to appellant because he had "failed to preserve this objection for appellate consideration by raising the issue at trial." *Gillenwaters v. State*, No. 03–04–00077–CR, 2005 WL 1650902 (Tex. App.-Austin, July 13, 2005), slip op. at 12 (not designated for publication). We reverse and remand.

The relevant facts, as reflected in the case record, are as follows. In March 2003, appellant was charged by informa-

tion with the offense of telephone harassment under Texas Penal Code § 42.07(a)(4).[1] The information alleged that on October 22, 2002, in Williamson County, appellant, "with intent to harass, annoy, alarm, abuse, torment, and embarrass [the complainant], [had] made repeated telephone communications to [her] in a manner reasonabl[y] likely to harass, alarm, abuse, torment, embarrass, and offend [her]."

■ Appellant filed a pretrial motion to quash the information. In his motion, appellant, citing the due process and due course of law clauses of the United States and Texas constitutions, argued that § 42.07(a)(4) was "unconstitutionally vague on its face."[2] More specifically, appellant argued that (1) "the [statutory] terms 'harass, annoy, alarm, abuse, torment, embarrass and offend' [were] not defined by the statute and fail[ed] to give notice sufficient that a person of ordinary intelligence would ... know what is prohibited"; (2) "[t]he statute fail[ed] to establish determinate guidelines for the enforcement of the law"; and (3) "[the statute failed] to be sufficiently definite to avoid chilling protected speech or expression." *See Long v. State*, 931 S.W.2d 285, 287–288 (Tex.Crim. App.1996) (discussing the Fourteenth Amendment void-for-vagueness doctrine).

In December 2003, the State brought appellant to trial before a petit jury on his plea of not guilty. At the start of the trial, before any evidence had been adduced, appellant urged his motion to quash and argued to the trial court that "the vagueness" of § 42.07(a)(4) was "readily apparent." The trial court denied appellant's motion to quash. Later, during the course of the guilt stage—once during the complainant's testimony and once after both sides had rested—appellant objected again that the language of § 42.07(a)(4) was "unconstitutionally vague." Each time appellant objected, the trial court overruled his objection. The jury subsequently found appellant guilty as charged in the information, and the trial court assessed his punishment at confinement for ten days and a $250 fine.

Appellant filed a timely motion for new trial and presented it to the trial court for a ruling. In his motion, appellant, again citing the due process and due course of law clauses of the United States and Texas constitutions, argued that § 42.07(a)(4) was "unconstitutional as applied to him in his case."[3,4] Although appellant did not use the word "vague" or "vagueness" in his motion for new trial, he did argue that "[n]ow that the evidence has been adduced," the trial court could "more readily

---

1. Section 42.07(a)(4) provides that "[a] person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another." Section 42.07(c) provides that this offense is a Class B misdemeanor.

2. A claim that a statute is unconstitutional "on its face" is a claim that the statute, by its terms, always operates unconstitutionally. *Texas Boll Weevil Eradication Found. v. Lewellen*, 952 S.W.2d 454, 461 n. 5 (Tex.1997).

3. A claim that a statute is unconstitutional "as applied" is a claim that the statute, although generally constitutional, operates unconstitutionally as to the claimant because of his particular circumstances. *Texas Boll Weevil Eradication Found. v. Lewellen*, 952 S.W.2d 454, 461 n. 5 (Tex.1997).

4. "Since [a contention that a statute is unconstitutional as applied] requires a recourse to evidence, it cannot be properly raised by a pretrial motion to quash the charging instrument." G. Dix & R. Dawson, 43A Tex. Prac. Series: *Criminal Practice and Procedure* § 42.254 (Supp.2005).

discern the unconstitutionality of the statute" as it had been applied against him. Appellant's motion for new trial was later overruled by operation of law.

On direct appeal, appellant brought four points of error. In his fourth point, appellant argued that "[s]ection 42.07[was] unconstitutionally vague and overbroad as applied in this case." *See Morehead v. State,* 807 S.W.2d 577, 579–580 (Tex.Crim. App.1991) (discussing the First Amendment overbreadth doctrine). The Third Court of Appeals overruled all of appellant's points of error and affirmed the trial court's judgment. *Gillenwaters v. State, supra,* slip op. at 12. With respect to appellant's fourth point of error, the court of appeals held that it "need not consider" whether § 42.07(a)(4) had been unconstitutionally applied to appellant because he had "failed to preserve this objection for appellate consideration by raising the issue at trial." *Ibid.*

Appellant later filed a petition for discretionary review, which we granted. In his petition, appellant argues that his "as applied" challenges to § 42.07(a)(4) were in fact preserved for appellate review because he "filed and obtained a ruling on his motion for new trial, which specified that he was complaining about the application of the statute under which he [had been] convicted." [5]

■ Rule 33.1(a) of the Texas Rules of Appellate Procedure provides that, as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a specific and timely request, objection, or motion. Generally speaking, a party's complaint is adequately specific if the party lets the trial judge know what he

wants and why he is entitled to it, *Lankston v. State,* 827 S.W.2d 907, 909 (Tex. Crim.App.1992), and a party's complaint is timely if the party makes the complaint as soon as the grounds for it become apparent, *Hollins v. State,* 805 S.W.2d 475, 476 (Tex.Crim.App.1991).

■ The requirement that complaints be raised in the trial court (1) ensures that the trial court will have an opportunity to prevent or correct errors, thereby eliminating the need for a costly and time-consuming appeal and retrial; (2) guarantees that opposing counsel will have a fair opportunity to respond to complaints; and (3) promotes the orderly and effective presentation of the case to the trier of fact. *Saldano v. State,* 70 S.W.3d 873, 887 (Tex. Crim.App.2002); *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Crim.App.1977); W. LaFave, et al., *Criminal Procedure* § 27.5(c) at 923–924 (2d ed.1999).

■ In the instant case, appellant filed and presented to the trial court a motion for new trial arguing that § 42.07(a)(4) was "unconstitutional as applied to him in his case." Was this motion adequately specific and timely so as to preserve appellant's complaints for appellate review?

We turn first to the question of whether appellant's motion for new trial was adequately specific. Although the word "vague" or "vagueness" appeared nowhere in appellant's motion, any reasonable trial judge probably would have understood the motion, in context, to be asserting an "unconstitutionally vague as applied" challenge to the statute, since appellant's consistent complaint throughout trial had been that the statute was too vague to be enforceable. We therefore conclude that appellant's motion for new trial was specif-

---

**5.** Appellant's ground for review states: "When and how should defense counsel object at trial in order to preserve an appellate complaint that a penal statute has been unconstitutionally applied to him?"

ic enough to put the trial court on notice of his "unconstitutionally vague as applied" challenge to § 42.07(a)(4).

On the other hand, no reasonable trial judge would have understood appellant's motion for new trial, even in context, to be asserting an "unconstitutionally overbroad as applied" challenge to the statute. Neither the word "overbroad" nor the word "overbreadth" appeared in the motion for new trial, and at no point during the trial did appellant make an overbreadth challenge to the statute under which he was being tried. We therefore conclude that appellant's motion for new trial was not specific enough to put the trial court on notice of his "unconstitutionally overbroad as applied" challenge to § 42.07(a)(4).

We turn next to the question of whether appellant's motion for new trial was timely within the meaning of Rule 33.1. We conclude that it was. First, appellant's motion provided the trial court with an opportunity to take corrective action—granting the motion for new trial—without burdening the parties and the judicial system with a costly appeal and retrial. Second, appellant's motion gave the State a fair opportunity to respond. Although appellant could have filed a motion to dismiss after the close of all the evidence, his delay until the motion for new trial did not prejudice the State in any way. Third, appellant's delay until his motion for new trial did not impair the orderly and effective presentation of the case to the jury.

We hold that appellant's motion for new trial was sufficient under Rule 33.1 to preserve for appellate consideration his "unconstitutionally vague as applied" challenge to § 42.07(a)(4), and the court of appeals erred in holding otherwise. We sustain in part appellant's ground for review, vacate the judgment of the court of appeals, and remand the case to that court so that it may reconsider appellant's fourth point of error.

KEASLER and HERVEY, JJ., concurred in the result.