# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

=============================

## ON REMAND

=============================

## NO. 03-04-00077-CR

**David Carrol Gillenwaters, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
### NO. 03-1082-2, HONORABLE TIMOTHY L. WRIGHT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant David Carrol Gillenwaters of telephone harassment, and the court assessed punishment at ten days' incarceration and a $250 fine. *See* Tex. Penal Code Ann. § 42.07(a)(4) (West 2003). The Court affirmed the judgment of conviction on original submission. *Gillenwaters v. State*, No. 03-04-00077-CR, 2005 Tex. App. LEXIS 5510 (Tex. App.—Austin July 13, 2005) (mem. op., not designated for publication). The court of criminal appeals granted appellant's petition for discretionary review, vacated our judgment, and remanded the cause for reconsideration of appellant's fourth point of error. *Gillenwaters v. State*, 205 S.W.3d 534, 538 (Tex. Crim. App. 2006). By this point, appellant contends that section 42.07(a)(4) is

unconstitutionally vague as applied to him. We will overrule this contention and reaffirm the conviction.[1]

It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). A criminal law must be sufficiently clear in at least three respects: (1) a person of ordinary intelligence must be given a reasonable opportunity to know what is prohibited; (2) the law must establish determinate guidelines for law enforcement; and (3) if First Amendment freedoms are implicated, the law must be sufficiently definite to avoid chilling protected expression. *Id*. at 108-09; *Long v. State*, 931 S.W.2d 285, 287 (Tex. Crim. App. 1996).

The information in this cause alleged that appellant, with intent to harass, annoy, alarm, abuse, torment, and embarrass Linda Ortiz, made repeated telephone communications to Ortiz in a manner reasonably likely to harass, alarm, abuse, torment, embarrass, and offend Ortiz. *See* Tex. Penal Code Ann. § 42.07(a)(4). In our original opinion, we summarized the pertinent facts as follows:

> Gillenwaters met Ortiz at an Austin area Wal-Mart where they both worked. They married in 2000, but, after Gillenwaters was fired in 2001, their relationship began to deteriorate. Ortiz filed for divorce in July 2002.
>
> On the morning of October 22, 2002, Gillenwaters approached Ortiz in the Wal-Mart parking lot and began yelling loudly and cursing at her. Ortiz had to be escorted into the building by a male coworker. Gillenwaters began calling the Wal-Mart thirty minutes later. Afraid to speak to Gillenwaters, Ortiz had her coworkers continue to tell him that she was not available. However, Gillenwaters continued to

---

[1] Appellant's three other points of error challenged the legal sufficiency of the evidence and the facial constitutionality of section 42.07(a)(4). We overruled these contentions on original submission, and these rulings were not disturbed by the court of criminal appeals.

call the Wal-Mart from five that morning until around one that afternoon. Although he was repeatedly asked to stop calling, Gillenwaters called about forty times an hour looking for Ortiz. Appellant's repeated calls made Ortiz so upset that she could not perform her duties at work. After one of her coworkers dialed 911, Ortiz complained to the police about receiving the calls. When Ortiz arrived home, she discovered that Gillenwaters also had left ten messages on her home answering machine. In one message, Gillenwaters stated: "A lot of people are getting ready to get hurt. You forget that I know tons of people. They're getting ready to go to work at 9 o'clock tomorrow morning, if I don't get a phone call from you to call it off, then lives are going to be ruined. . . . I'll take 'em all down." Gillenwaters also threatened: "I'm going to bury your ass," "You don't understand what you're doing," "[Y]ou bit off more than you can chew," and "I'm gonna press it and I'm gonna kill it."

*Gillenwaters*, 2005 Tex. App. LEXIS 5510, at *1-3.

Following remand, we permitted appellant to file a supplemental brief more fully arguing his fourth point of error. The State chose not to respond. We will address each of appellant's arguments as presented in the supplemental brief.

**"A. Because the term 'communication' includes circumstances where two people never converse, the statute is unconstitutional as applied."**

In rejecting appellant's challenge to the sufficiency of the evidence, we held that it was not necessary for him to speak directly to Ortiz in order to communicate with her within the meaning of section 42.07(a)(4). *Id*. at *8-9. Instead, appellant communicated with Ortiz by leaving messages with her coworkers and on her answering machine. *Id*. Appellant argues that he could not have reasonably anticipated such an application of the statute. He asserts that he "urgently needed to speak with Ortiz." He asks, "Can his repeated expression of an urgent desire to speak under these circumstances validly constitute a crime in a free society?" He concludes that the application of the telephone harassment statute to his conduct chills free speech by criminalizing "the mere act of repeatedly seeking to speak to a person."

3

Contrary to appellant's argument, he did not merely make repeated efforts to speak to Ortiz for some urgent and legitimate reason. Instead, he made up to forty telephone calls an hour for eight hours to Ortiz's place of employment asking to speak to her. In addition, he left at least ten messages on Ortiz's home telephone answering machine, some of them threatening violence. As we held on original submission, the evidence supports the jury's finding that appellant made these telephone calls with the intent to harass and offend Ortiz. *Id*. at \*7-8. Harassment is not protected speech, and making repeated telephone calls with the intent to annoy or harass another is not conduct protected by the First Amendment. *Id*. at \*12. A person of ordinary intelligence would understand that the conduct proved in this case—especially the threatening messages on Ortiz's answering machine—fell within the scope of article 42.07(a)(4)'s prohibition of harassing, annoying, embarrassing, and abusive telephone communications.

**"B. A request to speak to a person is not a communication which becomes criminal merely because it is repeated."**

Appellant argues that he "had every right both to seek to speak with Ortiz and every right to convey the urgency with which he needed to converse." Appellant contends that he was never told that Ortiz did not wish to speak to him, which effectively encouraged him to continue calling. He asserts that "asking to speak with another about urgent personal matters does not become criminally unreasonable by repetition."

This argument is essentially a challenge to the sufficiency of the evidence, an issue that was decided on original submission and is not before us on remand. Although appellant may have had other reasons for repeatedly calling Ortiz as he did, there was ample evidence to support the jury's finding that he intended to harass and offend Ortiz. We find nothing in this argument to

4

support appellant's contention that section 42.07(a)(4) is unconstitutionally vague as applied to his conduct.

**"C.  The provision making the manner of communication criminal if a likelihood exists that it may inspire Ortiz with the requisite litany of emotional states is unconstitutionally vague as applied in this case."**

Appellant argues that section 42.07(a)(4) is unconstitutionally vague because it bases criminality on the likelihood of offending a particular person, in this case Ortiz.  According to appellant, the statute required him to accurately anticipate Ortiz's reaction to his telephone calls.  He urges that a person of ordinary intelligence cannot accurately guess the emotional state of another person to whom he makes a telephone call.

This argument is directed more to the facial constitutionality of section 42.07(a)(4) than to its constitutionality as applied to appellant.  As we held on original submission, the statute employs a reasonable person standard.  That is, the State must prove that the defendant's conduct would annoy or harass a reasonable person rather than the specific recipient.  *Id*. at *16-17. Appellant was not found guilty because his conduct offended Ortiz, but because his telephone communications to Ortiz were of the sort likely to harass or offend any reasonable person.

**"D.  The application of this statute inserts the very subjectivity that made the previous statute facially unconstitutional."**

This is a restatement of appellant's previous argument.  Contrary to appellant's assertion, his guilt in this case did not depend on Ortiz's subjective feelings, or her personal reaction to his telephone calls.  *Id*.

**"E. The application of the statutory provision to this case prohibits messages of urgency, contrary to the First and Fourteenth Amendments."**

Appellant argues that when a caller has an urgent message, there is no better way to convey the urgency than to call repeatedly. In such circumstances, the caller may even intend to annoy, harass, and alarm so that his message will be delivered. Appellant further argues that the First Amendment protects speech intended to provoke or annoy others.

Once again, this argument is essentially a facial challenge to the statute. As noted above, we held on original submission that section 42.07(a)(4) does not implicate conduct protected by the First Amendment. *Id*. at *12. Appellant makes no showing that his conduct in this case was entitled to First Amendment protection.

Finding appellant's arguments to be without merit, we overrule point of error four and affirm the judgment of conviction.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed on Remand

Filed:   October 25, 2007

Do Not Publish