NO. 07-06-0430-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 29, 2008

_____

DAVID SIGALA ROMERO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2425; HON. GORDON H. GREEN, PRESIDING

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant David Sigala Romero appeals his conviction by jury of attempted sexual assault. By two issues, appellant contends the trial court committed reversible error by instructing the jury to disregard the testimony of a witness in its entirety because the witness violated "the rule." Finding the contention was not preserved for our review, we affirm.

Background

Appellant was charged with the offense of attempted aggravated sexual assault.[1] Following his plea of not guilty, the matter proceeded to jury trial. Evidence showed the victim was related by marriage to appellant. She testified that on the night in question she went to bed after returning home from an outing with friends. Her brother and his girlfriend were at the home babysitting the victim's children, and remained there that night. The victim said she went to sleep at approximately 2:00 a.m., and awoke about two-and-a-half hours later to find appellant attempting to have sexual intercourse with her. She testified she screamed once, loudly, and began kicking and fighting appellant, who continued his ultimately unsuccessful attempt to engage in sexual intercourse with her.

Appellant presented witnesses in support of his contention that their sexual contact was consensual. Following presentation of the evidence, the jury found appellant guilty of the lesser included offense of attempted sexual assault.[2] Punishment was assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of three years and a fine of $4000. The court sentenced appellant accordingly and this appeal followed.

---

[1] *See* Tex. Penal Code Ann. § 15.01 (Vernon 2003) and Tex. Penal Code Ann. § 22.021 (Vernon 2007).

[2] *See* Tex. Penal Code Ann. § 15.01 (Vernon 2003) and Tex. Penal Code Ann. § 22.011 (Vernon 2005).

Analysis

Via his two issues, appellant contends the trial court committed reversible error by instructing the jury to disregard the testimony of a witness in its entirety because she had violated the rule pertaining to witnesses. He argues that by doing so, the trial court denied appellant his constitutional rights to call witnesses on his behalf and his due process right to a fair trial. Because we agree with the State that the contention of error was not preserved for our review, we must overrule appellant's issues.

Texas Rule of Evidence 614, which sets forth what is commonly known simply as "the rule," provides, in part: "At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion."[3] The purpose of the rule is to prevent the testimony of one witness from influencing the testimony of another, consciously or not. *Russell v. State,* 155 S.W.3d 176 (Tex.Crim.App. 2005).

Here, the rule was invoked and, following opening statements, the trial court gathered the witnesses and explained the rule to them, stating, in part: "[t]he Rule as to Witnesses has been invoked, so I'm asking the State and the defendant to call all their witnesses that are present here at the courthouse into the courtroom at this time . . . . The Rule as to Witnesses has been invoked. That means that you cannot come in the

---

[3] The rule also provides certain exclusions. Tex. R. Evid. 614. None of the exclusions are at issue here.

courtroom while the trial is going on. You must remain here at the courthouse outside the courtroom so that you can hear one of the bailiffs whenever they call you in this case."

After appellant's third witness testified, a juror made the court aware that the witness had been in the courtroom during the previous day's testimony. Outside the jury's presence, the court then questioned the witness. She acknowledged she was present when the court instructed the witnesses that they were not permitted in the courtroom during trial proceedings until called to testify. She nevertheless admitted she listened to part of the trial. The court told both parties he was going to tell the jury to disregard all the witness's testimony. The judge then asked both the State and appellant's counsel if there was anything either party wanted to put on the record regarding his ruling. No objections were advanced and appellant's counsel asked only that the court provide the jury an explanation regarding his instruction that they disregard the testimony. The court complied with this request. After instructing the jury, the court asked the State and defense if either had anything to add. Appellant's attorney answered "[a]bsolutely not, Judge."

Generally, appellate review of a claim of error by the trial court must be preserved by a timely and specific objection at trial, followed by a ruling. Tex. R. App. P. 33.1; *see Canales v. State,* 98 S.W.3d 690, 699 (Tex.Crim.App. 2003) (applying rule). *See also Gillenwaters v. State,* 205 S.W.3d 534, 537 (Tex.Crim.App. 2006) (noting one purpose of preservation of error requirement is to allow trial court opportunity to address claimed errors while they can be corrected). Claims of constitutional error also are subject to the preservation of error rules. *Wright v. State,* 28 S.W.3d 526, 536 (Tex.Crim.App. 2000); *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App. 1996). Here, during the hearing

4

regarding the violation of the rule, the prosecutor stated "if [the witness] violated the rules, and the rule is that she's not supposed to be in the courtroom, then I would suggest that we follow the rule and strike her testimony...[o]r at least not let her testify further." Appellant's counsel agreed "if [the witness] was put under the rule, then I would agree with [the prosecutor] that we need to follow the rule." Finding the record does not reflect an objection to the trial court's remedy for the violation of the rule, we must conclude appellant's issues present nothing for our review. Tex. R. App. P. 33.1(a)(1).

Accordingly, appellant's issues are overruled and the trial court's judgment is affirmed.


James T. Campbell
Justice


Do not publish.