NO. 07-10-00166-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 4, 2011

_____

WILLIAM LEE BAUM,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;

NO. 3669; HONORABLE STUART MESSER, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant William Lee Baum was convicted of indecency with a child. He seeks to overturn that conviction by contending the trial court should have granted his motion to suppress his statement to law enforcement officers. We disagree and affirm the judgment.

Appellant argues that his statement was involuntary and the result of coercion. A hearing was held on his motion to suppress and the trial court denied it. At the time the State sought to have the statement admitted into evidence before the jury, appellant

stated, "No objection."  The statement was admitted, and the State then asked to publish it to the jury.  The court granted permission, but before it was published, appellant renewed his objections "made prior to this trial" and urged that the statement be suppressed.  The court overruled the objections.

To preserve error for review, a party must make a timely request, objection or motion.  TEX. R. APP. P. 33.1(a)(1).  To be timely, the objection must be made at the earliest opportunity.  *Gillenwaters v. State,* 205 S.W.3d 534, 537 (Tex. Crim. App. 2006) (stating that an objection is timely if made as soon as the grounds for it become apparent).  Moreover, when a party affirmatively states he has "no objection" when evidence is offered, any complaint is waived.  *Holmes v. State,* 248 S.W.3d 194, 196 (Tex. Crim. App. 2008).

Here, appellant stated he had no objection when the evidence was first offered. After it had been admitted and the State sought to publish it to the jury, appellant reiterated the objections promulgated at the suppression hearing.  However, at that point, the objections were not timely.

Yet, even if the objections were preserved, there would be no error.  According to the record, appellant voluntarily appeared at the sheriff's office to undergo a polygraph. He appeared calm to the officer administering the test and received his Miranda warnings.  When the test results indicated he was being disingenuous, he informed the interrogator that he was not lying but that he would make a statement.  The interrogation lasted a "couple of hours," according to appellant, and he was allowed to go on a "bathroom break" during its occurrence.  The interrogator also testified that appellant was told, before making the written statement, that he did not have to provide

2

one and that the choice to do so would be voluntary. From these indicia, the trial court had factual basis to conclude that appellant's statement was indeed voluntary. This is especially so since the record reveals that the trial court's decision was influenced by "the credibility of the witnesses" who testified; in other words, the trial court could have deigned appellant's testimony about feeling coerced unbelievable.

Accordingly, appellant's issue is overruled and the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.

3