COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

SERGIO RAMIREZ,                                 No. 08-09-00286-CR

§

        Appellant,                       Appeal from the

§

v.                                      243rd District Court

§

THE STATE OF TEXAS,               of El Paso County, Texas

§

        Appellee.                   (TC # 20080D02324)

§

## **O P I N I O N**

An El Paso County jury found appellant, Sergio Ramirez, guilty of one count of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) & (a)(2)(B) (West 2011). The trial court assessed punishment at imprisonment for ten years. Ramirez now brings three issues before this Court. Finding no merit in any of his issues, we affirm the judgment of the trial court.

## **FIRST ISSUE**

In his first issue, Ramirez argues that the trial court erred, at the guilt stage, in allowing the State to impeach him with a written English translation of a recorded oral statement that he gave to law enforcement in Spanish. Ramirez argues that the written translation, prepared by a translator who did not testify at trial, "added an impermissible layer of hearsay."

The record reflects that Ramirez testified at the guilt stage. During the State's cross-examination of him, the following occurred:

Q: You admit to this jury that you believe that someone did abuse [the complainant]. You're only saying it wasn't you; isn't that correct?

A: Okay. What I think is, I just think that the child is saying lies, because all of the ones that we were there, I don't think they would have done this.

Q: Do you remember speaking with [El Paso County] Detective Anchondo?

A: Yes.

Q: And do you remember making a statement about whether you believe someone had abused her or not and that it just wasn't you?

A: I don't remember very well, but I think – no, I don't remember very well.

Q: Would you like me to show you the transcript of your interview to refresh your memory, sir?

A: The what?

Q: The transcript of your interview to refresh your memory.

A: Okay. Okay.

The State: If I may have just a moment, Judge?
    Your Honor, may I approach the witness?

The Court: Yes, sir.

The State: May I approach the reporter, Your Honor?

The Court: Yes, sir.

The State: Just let the record reflect that defense counsel did review the document.

Defense Counsel: Your Honor, at this time, I would object to improper impeachment, being that the State is trying to utilize a document that, one, hasn't been admitted into evidence, and, two, a transcript that did not comply with 38.22 of the Civil Procedure – I mean the Criminal Procedure.

2

The Court: Well, the fact that it hasn't been admitted doesn't have anything to do with impeachment, so I'll overrule that objection.

38.22. I don't think that applies to impeachment either, but I'll read it just to be sure.

Defense Counsel: Your Honor, if I correctly recall, there's a section there that talks about oral statements, and it has to be during the interrogation of someone in custody, and it has to be reduced to a recording of some sort.[1]

The Court: Right, but that's as primary evidence, but for impeachment all of the rules change. This is true for confessions that say they're admitted in violation of the Sixth Amendment when they're suppressed. But if the defendant takes the stand and says something contrary to that, then it's admissible for impeachment. So it's a different rule.

Well, Section 5 says, nothing in this article precludes the admission of a statement made by the accused in open court at his trial, before a grand jury, at examining trial, or statement that is res gestae of the arrest or of the offense, or of a statement that does not stem from custodial interrogation, or a voluntary statement – or of a voluntary statement, whether or not the result of the custodial interrogation, that has a bearing upon the credibility of the accused as a witness –

I think this is the impeachment rule.

Defense Counsel: Thank you, Your Honor.

The Court: So I'm going to overrule your objection.

Rule 33.1(a) of the Texas Rules of Appellate Procedure provides that, before a party may present a complaint for appellate review, that party must first make the complaint to the trial court in a timely and specific request, objection, or motion. TEX. R. APP. P. 33.1(a). Thus, "all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827

---

[1] Defense counsel was apparently referring to Article 38.22, section 3, which provides that no oral statement of an accused made as a result of custodial interrogation may be admitted against him in a criminal proceeding unless, among other things, an electronic recording is made of the statement. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3 (West 2005).

S.W.2d 907, 909 (Tex. Crim. App. 1992). Rule 33.1(a) ensures that the trial court will have an opportunity to prevent or correct errors, guarantees that opposing counsel will have a fair opportunity to respond to complaints, and promotes the orderly and effective presentation of the case to the trier of fact. *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006).

In the trial court, Ramirez objected to the State's impeachment of him with the written translation on the grounds that the translation had not been admitted in evidence and that use of it would violate Article 38.22. He did not object to the State's use of the translation on the ground it would violate the hearsay rule. Therefore, under Rule 33.1(a), he may not make that argument on appeal. We overrule Ramirez's first issue.

## SECOND ISSUE

In his second issue, Ramirez argues that the trial court committed "fundamental error" in allowing the State to impeach him with the written translation discussed previously. He makes no argument and cites no authority in support of this claim.

Under our briefing rules, a brief must contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). If an appellant wishes to make an argument concerning "fundamental error," i.e., an error that may be raised for the first time on appeal, he must make it within the framework provided by *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993). *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). If an appellant wishes to make an argument for which there is no authority directly on point, he "must ground his contention in analogous case law or provide the Court with the relevant jurisprudential framework for evaluating his claim." *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000).

Because Ramirez, in his second issue, makes no argument and cites no authority, his second issue violates our briefing rules and presents nothing for our review. *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008); *Robinson v. State*, 851 S.W.2d 216, 222 n.4 (Tex. Crim. App. 1991). We overrule Ramirez's second issue.

## THIRD ISSUE

Finally, Ramirez, in his third issue, argues that the trial court violated his Fourteenth Amendment right to due process when it allowed the State to impeach him with the written translation. But, in the trial court, Ramirez did not object to the State's use of the translation on the ground of due process, so he may not assert that ground on appeal. TEX. R. APP. P. 33.1(a). Even constitutional claims are forfeited if not raised in the trial court. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). We overrule Ramirez's third issue.

Additionally, we note that although the trial court certified Appellant's right to appeal in this case, the certification does not contain Appellant's signature indicating that he was informed of his rights to appeal and to file a *pro se* petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 25.2(d). Consequently, the certification is defective. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). To remedy this defect, this Court ORDERS Appellant's attorney, pursuant to TEX. R. APP. P. 48.4, to send Appellant a copy of this opinion and this Court's judgment, to notify Appellant of his right to file a *pro se* petition for discretionary review, and to inform Appellant of the applicable deadlines. *See* TEX. R. APP. P. 48.4, 68. Appellant's attorney is further ORDERED, to comply with all of the requirements of TEX. R. APP. P. 48.4.

5

**CONCLUSION**

Having found no merit in any of Ramirez's issues, with these comments, we affirm the judgment of the trial court.


                                        GUADALUPE RIVERA, Justice

September 14, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

6