

# NUMBERS 13-11-00205-CR and 13-11-00218-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHRISTOPHER PAUL DURAN,            Appellant,

## v.

THE STATE OF TEXAS,            Appellee.

**On appeal from the County Court at Law No. 3
of Jefferson County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Rose Vela**

In cause number 13-11-00205-CR, a jury convicted appellant, Christopher Paul Duran, of harassment, a Class B misdemeanor, *see* TEX. PENAL CODE ANN. § 42.07(a)(7), (c) (West 2011), and he was placed on community supervision. In cause number 13-11-00218-CR, a jury convicted appellant of harassment, a Class B misdemeanor. *See id.* Following a punishment hearing, appellant was sentenced to sixty days in jail,

and the trial court revoked his community supervision in cause no. 13-11-00205-CR and sentenced him to sixty days in jail for that offense. The sentences are to run concurrently. By four issues, appellant asserts: (1) section 42.07(a)(7) of the Texas Penal Code is unconstitutionally vague; (2) the trial court erred in denying his motion to quash the information; (3) the trial court erred by denying his request for a limiting instruction; and (4) the trial court erred by revoking his community supervision. We affirm.[1]

## I. ISSUES RELATED TO CAUSE NO. 13-11-00218-CR

### A. Constitutionality of Section 42.07(a)(7) of the Texas Penal Code

In issue one, appellant contends a subsection of the Texas harassment statute, penal code section 42.07(a)(7), is unconstitutionally vague, both as it applied to him and as applied on its face. Our initial inquiry is whether section 42.07(a)(7) implicates the free-speech guarantee of the First Amendment "because if the statutory subsection *does* implicate the free-speech guarantee, then [appellant], in making his vagueness challenge, is relieved of the usual requirement of showing that the statutory subsection was unduly vague as applied to his conduct." *Scott v. State*, 322 S.W.3d 662, 668 (Tex. Crim. App. 2010) (emphasis in original).

Even though *Scott* involved the constitutionality of a different subsection of the harassment statute; i.e., section 42.07(a)(4), the analysis in *Scott* is helpful in the case before us. In *Scott*, the defendant was charged by information with two counts of misdemeanor harassment. *Id*. at 665. He filed a motion to quash both informations,

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

arguing that "Texas Penal Code § 42.07, the statute under which he was charged, was unconstitutional on its face[2] because it was both unduly vague and overbroad." *Id.* The trial court denied the motion to quash, and the defendant pleaded nolo contendere to each harassment charge. *Id.* at 666. However, the court of appeals agreed with the defendant's arguments, reversed the trial court's judgments, and rendered judgments of acquittal. *Id.* at 667 (citing *Scott v. State*, 298 S.W.3d 264 (Tex. App.—San Antonio 2009)).

The State appealed to the court of criminal appeals, arguing that the court of appeals erred in concluding that section 42.07(a)(4) implicated the free-speech guarantee of the First Amendment to the United States Constitution. *Id.* at 668. In resolving this issue, the court of criminal appeals noted that section 42.07(a)(4) provides, in relevant part:   "'A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he . . . makes repeated telephone communications . . . in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.'"   *Id.* at 669.   After examining the text of section 42.07(a)(4), the court of criminal appeals concluded:

> First, the text [of section 42.07(a)(4)] requires that the actor have the specific intent to harass, annoy, alarm, abuse, torment, or embarrass the recipient of the telephone call.   That is, the text requires that the actor have the intent to inflict harm on the victim in the form of one of the listed types of emotional distress.   Second, the text requires that the actor make repeated telephone calls to the victim; one telephone call will not suffice.   Third, the text requires that the actor make those telephone calls in a manner

---

[2] A party may challenge a statute as unconstitutional "on its face" or "as applied."   A claim that a statute is unconstitutional "on its face" is a claim that the statute, by its terms, always operates unconstitutionally.   *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.2 (Tex. Crim. App. 2006).   A claim that a statute is unconstitutional "as applied" is a claim that the statute operates unconstitutionally with respect to the claimant because of his or her particular circumstances.   *Id.* at n.3.

reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend an average person. Fourth, the text does not require that the actor use spoken words.

Having examined the text of § 42.07(a)(4), we conclude that it is not susceptible of application to communicative conduct that is protected by the First Amendment. In other words, the statutory subsection does not implicate the free-speech guarantee of the First Amendment. The statutory subsection, by its plain text, is directed only at persons who, with the specific intent to inflict emotional distress, repeatedly use the telephone to invade another person's personal privacy and do so in a manner reasonably likely to inflict emotional distress. Given that plain text, we believe that the conduct to which the statutory subsection is susceptible of application will be, in the usual case, essentially noncommunicative, even if the conduct includes spoken words. That is to say, in the usual case, persons whose conduct violates § 42.07(a)(4) will not have an intent to engage in the legitimate communication of ideas, opinions, or information; they will have only the intent to inflict emotional distress for its own sake. To the extent that the statutory subsection is susceptible of application to communicative conduct, it is susceptible of such application only when that communicative conduct is not protected by the First Amendment because, under the circumstances presented, that communicative conduct invades the substantial privacy interests of another (the victim) in an essentially intolerable manner.

* * *

Because § 42.07(a)(4) does not implicate the free-speech guarantee of the First Amendment, Scott, in making his vagueness challenge to that statutory subsection, was required to show that it was unduly vague as applied to his own conduct. He has not done that. Therefore, his vagueness challenge fails.

*Id.* at 669–71. The court of criminal appeals reversed the judgments of the court of

appeals and affirmed the judgments of the trial court. *Id.* at 671.

## 1. Whether Section 42.07(a)(7) Implicates the Free-Speech Guarantee of the First Amendment

Section 42.07(a)(7) of the penal code provides: "A person commits an offense if,

with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he: . . . (7)

4

sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another."  TEX. PENAL CODE ANN. § 42.07(a)(7).  In comparing section 42.07(a)(4) as quoted by the *Scott* court with section 42.07(a)(7), we note that the only difference is that (a)(7) involves "electronic communications" whereas (a)(4) involves "telephone communications." [3]  Neither subsection requires the actor to use spoken words.  In addition, the text of both subsections requires the actor to:  (1) have the specific intent to harass, annoy, alarm, abuse, torment, or embarrass the recipient of the communication; i.e., the text of both subsections requires the actor to have the intent to inflict harm on the victim in the form of one of the listed types of emotional distress; (2) make repeated communications to the victim; one communication is not enough; and (3) make the communication in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend an average person.

Having compared section 42.07(a)(4) to section 42.07(a)(7), we conclude that (a)(7), like (a)(4), does not implicate the free-speech guarantee of the First Amendment. Section 42.07(a)(7), by its plain text, is directed only at persons who, with the specific intent to inflict emotional distress repeatedly use electronic communication to invade another person's personal privacy and do so in a manner reasonably likely to inflict emotional distress.  Given the plain text of section 42.07(a)(7), the conduct to which the statutory subsection is susceptible of application will be, in the usual case,

---

[3] In *Scott v. State*, the court of criminal appeals stated:  "[T]he text of [section 42.07(a)(4)] suggest that it covers ordinary voice (and therefore voice mail) communication involving an ordinary telephone, whereas the text of [section 42.07(a)(7)] suggests that it covers various types of non-telephonic, 'electronic' communication, e.g., e-mail, instant messages, etc."  322 S.W.3d 662, 668 (Tex. Crim. App. 2010).

noncommunicative. Because section 42.07(a)(7) does not implicate the free-speech guarantee of the First Amendment, appellant, in making his vagueness challenge to the statutory subsection was required to show that it was unduly vague as applied to his own conduct.

### 2. Whether Appellant Has Shown Section 42.07(a)(7) Was Unduly Vague As Applied to His Conduct

"A claim that a statute is unconstitutional 'as applied' is a claim that the statute operates unconstitutionally with respect to the claimant because of his particular circumstances." *Scott*, 322 S.W.3d at 665 n.1 (citing *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.2 (Tex. Crim. App. 2006)). A statute may be challenged as unduly vague "if it does not: (1) give a person of ordinary intelligence a reasonable opportunity to know what is prohibited and (2) establish definite guidelines for law enforcement." *Id.* (citing *Bynum v. State*, 767 S.W.2d 769, 773 (Tex. Crim. App. 1989)). "Ordinarily, a criminal defendant who challenges a statute as unduly vague must show that it is vague as applied to the conduct for which he was charged." *Id.* (citing *Parker v. Levy*, 417 U.S. 733, 756 (1974); *Bynum*, 767 S.W.2d at 774).

In the instant case, appellant was charged with harassment based on an allegation that he repeatedly sent text messages to another person. The information[4] alleged, in relevant part, that he "unlawfully intentionally and knowingly make repeated telephone communications, with the intent to harass, annoy, alarm, abuse, torment, and embarrass LESLIE SMITH, . . . ."

---

[4] Appellant complains of the information in cause no. 13-11-00218-CR.

Section 42.07(a)(7) provides that a person commits the offense of harassment if the "person . . . with intent to harass, annoy, alarm, abuse, torment, or embarrass another, . . . sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offends another." TEX. PENAL CODE ANN. § 42.07(a)(7). Section 42.07(b)(1) states that "'Electronic communication' means a transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photo-optical system. The term includes: (A) a communication initiated by electronic mail, instant message, network call, or facsimile machine; . . . ." *Id.* § 42.07(b)(1)(A).

In examining the text of section 42.07(a)(7), we note that in order for an actor's conduct to constitute criminal behavior, the actor must satisfy three requirements. First, the actor must act with the specific intent to harass, annoy, alarm, abuse, torment, or embarrass another person. Second, the actor must send repeated[5] electronic communications. In other words, even assuming the actor acts with the requisite intent, the actor, in order to be convicted under section 42.07(a)(7), must send electronic communications more than one time. *See Scott*, 322 S.W.3d at 669. Third, the actor must send the electronic communications in a manner reasonably likely to harass, annoy,

---

[5] In *Scott*, the court of criminal appeals stated: "The term 'repeated' is commonly understood to mean 'reiterated,' 'recurring,' or 'frequent.'" 322 S.W.3d at 669 n.12. The *Scott* court believed that the Legislature intended the phrase "repeated telephone communications" as used in Section 42.07(a)(4) of the Texas Penal Code to mean "more than one telephone call in close enough proximity to properly be termed a single episode." The court stated "it is the frequent repetition of harassing telephone calls that makes them intolerable and justifies their criminal prohibition." *Id.* That being the case, we see no reason why the phrase "repeated electronic communications" as used in section 42.07(a)(7) of the Texas Penal Code should not have the same meaning.

alarm, abuse, torment, embarrass, or offend another person.[6] This requirement refers to the manner of the electronic communications, which the actor sends to the recipient. Nevertheless, the third requirement is not vague because in order to be convicted under section 42.07(a)(7), the manner of the electronic communications is restricted to that which is reasonably likely to be offensive in nature. Thus, we conclude that section 42.07(a)(7) gives a person of ordinary intelligence a reasonable opportunity to know the prohibited conduct and establishes definite guidelines for law enforcement to follow when determining whether a person has violated this statute. We hold appellant has not shown that section 42.07(a)(7) is unduly vague as applied to his conduct.

3. **Whether Appellant Has Shown That Section 42.07(a)(7) Is Unconstitutional On Its Face**

"A statute may be challenged as unconstitutional 'on its face' . . . ." *Scott*, 322 S.W.3d at 665 n.1. "A claim that a statute is unconstitutional 'on its face' is a claim that the statute, by its terms, always operates unconstitutionally." *Id.* (citing *Gillenwaters,* 205 S.W.3d at 536 n.2). "A statute may be challenged as overbroad, in violation of the Free Speech Clause of the First Amendment, if in addition to proscribing activity that may be constitutionally forbidden, it sweeps within its coverage a substantial amount of expressive activity that is protected by the First Amendment." *Id.* (citing *Morehead v. State*, 807 S.W.2d 577, 580 (Tex. Crim. App. 1991)).

---

[6] The *Scott* court stated that the terms "harass," "annoy," "alarm," "abuse," "torment," "embarrass," and "offend" all have commonly understood definitions that are relevant in this context. "Harass" means "to annoy persistently," "Annoy" means to "wear on the nerves by persistent petty unpleasantness." "Alarm" means "to strike with fear." Abuse means "to attack with words." "Torment" means "to cause severe distress of the mind." "Embarrass" means "to cause to experience a state of self-conscious distress." "Offend" means "to cause dislike, anger, or vexation." 322 S.W.3d at 669 n.13 (quoting *Webster's Ninth New Collegiate Dictionary* 47, 68, 88, 405, 552, 819, and 1245 (1988)).

In the instant case, appellant has failed to show that section 42.07(a)(7), by its terms, always operates unconstitutionally. The statute is not vague; rather, it clearly and narrowly defines when and how an actor's conduct constitutes criminal behavior. Furthermore, the statute is not overbroad because it criminalizes only those electronic communications that are sent in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another. The statute does not encompass a substantial amount of expressive activity that is protected by the First Amendment. We hold therefore that appellant has failed to show that section 42.07(a)(7) is unconstitutional on its face. Issue one is overruled.

## B. Motion to Quash

In issue two, appellant contends the trial court erred by denying his motion to quash the information for reasons of vagueness and lack of specificity.

### 1. Applicable Law

An accused is guaranteed the right to be informed of the nature and cause of the accusations against him in all criminal actions. U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10; *see State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). This constitutional mandate requires that the charging instrument convey adequate notice from which the accused may prepare his defense. *Moff*, 154 S.W.3d at 601. The Texas Code of Criminal Procedure also contains guidelines relating to the sufficiency of an information. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. art. 21.03 ("Everything should be stated in an indictment which is necessary to be proved."), art. 21.04 ("The certainty required in an indictment is such as will enable the accused to plead the judgment that

9

may be given upon it in bar of any prosecution for the same offense.") (West 2009);[7] *see also id.* § 21.21(7) (stating "[t]hat the offense [alleged in the information] be set forth in plain and intelligible words[.]").

"[A] charging instrument which tracks the language of a criminal statute possesses sufficient specificity to provide a defendant with notice of a charged offense in most circumstances." *State v. Edmond*, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996). "A motion to quash should be granted only where the language concerning the defendant's conduct is so vague or indefinite as to deny the definite effective notice of the acts he allegedly committed." *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988). We review de novo a trial court's ruling on a motion to quash an information. *See Moff*, 154 S.W.3d at 601 (modifying standard of review for motion to quash indictments to de novo instead of abuse of discretion).

### 2. Analysis

Appellant filed a pretrial motion to quash the information because it was vague and lacked specificity. The information, as quoted in our analysis of issue one, tracks the language of section 42.07(a)(7) and, thus, possesses sufficient specificity to provide appellant with notice of the charged offense. *See Edmond*, 933 S.W.2d at 128. The language pertaining to appellant's conduct is not vague or indefinite. Therefore, it gives appellant adequate notice of the acts he allegedly committed. *See DeVaughn*, 749 S.W.2d at 67. Accordingly, we hold the trial court did not err by denying the motion to quash. Issue two is overruled.

---

[7] Articles 21.03 and 21.04 speak in terms of the specificity of an indictment, but "[t]he rules with respect to allegations in an indictment and the certainty required apply also to an information." TEX. CODE CRIM. PROC. ANN. art. 21.23 (West 2009).

## C. Denial of Request for Limiting Instruction

In issue three, appellant asserts the trial court erred in failing to include a limiting instruction in the guilt-innocence charge regarding extraneous text messages, which the State introduced into evidence.

### 1. Background

During the State's guilt-innocence case-in-chief, the victim, Leslie Smith, testified appellant sent the text messages to her in September 2009 and that she filed charges against him that month. The next month, she received additional text messages from appellant. She took these text messages to the police station. She identified State's exhibits fifteen through twenty-seven as the text messages she received from appellant in October 2009. When the prosecutor offered these exhibits into evidence, defense counsel objected that they constituted hearsay and that Smith received them after she had already filed charges against appellant. The trial court sustained the objections.

After the State rested its guilt-innocence case-in-chief, but prior to defense counsel's motion for an instructed verdict, the prosecutor re-offered exhibits fifteen through twenty-seven, and the trial court admitted them into evidence.

### 2. Analysis

"[A] limiting instruction concerning the use of extraneous offense evidence should be requested, and given, in the guilt-stage jury charge only if the defendant requested a limiting instruction at the time the evidence was first admitted." *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007). "Once evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes."

*Id.* In the instant case, defense counsel did not request a limiting instruction at the time exhibits fifteen through twenty-seven were first admitted. Thus, the trial court had no obligation to limit the use of that evidence later in the jury charge. *Id.* (stating that if a defendant does not request a limiting instruction at the time that evidence is admitted, "then the trial judge has no obligation to limit the use of that evidence later in the jury charge"); *Prescott v. State*, 123 S.W.3d 506, 515–16 (Tex. App.—San Antonio 2003, no pet.) (defendant who failed to request limiting instruction concerning use of extraneous offenses "at the moment the evidence [was] admitted" was not entitled to limiting instruction in jury charge). Therefore, we hold the trial court did not err by failing to include a limiting instruction in the guilt-innocence charge regarding the extraneous text messages contained in exhibits fifteen through twenty-seven. Issue three is overruled.

## II. ISSUE RELATED TO
## CAUSE NO. 13-11-00205-CR

### D. Revocation of Community Supervision

In issue four, appellant asserts the trial court erred when, during the punishment phase in cause no. 13-11-00218-CR, the trial court revoked his community supervision in cause no. 13-11-00205-CR.

#### 1. Background

On October 22, 2009, the State, in cause no. 13-11-00205-CR, filed a motion to revoke appellant's community supervision. The motion was amended on December 14, 2010. On March 7, 2011, appellant's punishment hearing began in cause no. 13-11-00218-CR. After the trial court sentenced appellant to sixty days in jail in cause no. 13-11-00218-CR, the court told appellant, in relevant part:

12

With reference to cause number [13-11-00205-CR], the case that you were on probation for, the Court takes judicial notice of the trial and, as such, finds that you were in violation of your probation and will revoke that probation, as well, and set your punishment in that case at 60 days in jail. These offenses will run concurrently.

### 2. Preservation of Error

"As a prerequisite to presenting a complaint on appeal, a party must have made a timely and specific request, objection, or motion to the trial court." *Grant v. State*, 345 S.W.3d 509, 512 (Tex. App.—Waco 2011, pet. ref'd) (citing TEX. R. APP. P. 33.1(a)(1)(A)). In the instant case, even though the trial court allowed appellant and his defense counsel to address the court after the court revoked his community supervision in cause no. 13-11-00205-CR, neither made any objection or complaint about the trial court's decision to revoke community supervision. Therefore, we hold that error, if any, with respect to the trial court's decision to revoke community supervision is waived. *See id.* Issue four is overruled.

### III. CONCLUSION

We affirm the judgments of the trial court.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2012.

13