

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00271-CR

RICHARD BLAKE RAY,

                                                            Appellant

 v.

THE STATE OF TEXAS,

                                                            Appellee

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2011-2087-C2**

## O R D E R

We affirmed Richard Blake Ray's conviction for attempted capital murder on April 18, 2013. He has now filed a motion for rehearing contending that we failed to address his argument that he was entitled to an instruction on necessity because he admitted to the culpable mental state for the lesser included offense of aggravated assault, that being, recklessness. We did fail to address that argument and will address

it now; however, that failure does not change the result of our opinion. Ray's argument was not preserved.

At the preliminary discussion regarding the trial court's charge to the jury, Ray requested an instruction on 1) self-defense with the use of deadly force, 2) the lesser included offense of attempted murder, 3) the lesser included offense of deadly conduct, and 4) the defense of necessity. At that time, Ray did not request an instruction on the lesser included offense of aggravated assault. A discussion was then held off the record.

After the charge was prepared, Ray objected to the failure of the charge to include the defense of necessity because he asserted there was evidence that he reasonably believed his conduct was immediately necessary to avoid imminent harm. Ray requested he be allowed to make a bill to put on evidence to explain why he felt his conduct was necessary, that being he had been told something by his grandson about something going on between Andy Hobbs and the grandson. The trial court denied Ray's request to make a bill and request for the necessity instruction.

Later, Ray noted on the record that the defense and State agreed that Ray would withdraw his request for a lesser offense instruction on deadly conduct in exchange for a lesser offense instruction on aggravated assault.

A trial court is not required to sua sponte instruct the jury on a "defensive issue" unless the defendant timely requests the issue or objects to the omission of the issue in

the jury charge.  *Tolbert v. State*, 306 S.W.3d 776, 779-780 (Tex. Crim. App. 2010).  This is intended to discourage a defendant from retrying the case on appeal under a new defensive theory, effectively giving the defendant "two bites at the apple."  *Id.* n. 6; *Posey v. State*, 966 S.W.2d 57, 63 (Tex. Crim. App. 1998).  Further, a defendant must specify what facts or legal theory would support the requested defense or risk forfeiture of his complaint on appeal.  *Mays v. State*, 318 S.W.3d 368, 384 (Tex. Crim. App. 2010).  *See Starks v. State*, 127 S.W.3d 127, 133 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd) (to preserve a complaint about the trial court's failure to instruct on self-defense, a defendant must make a timely objection that specifically states the legal basis for the objection).  Generally, a party's complaint is adequately specific if the party lets the trial judge know what he wants, why he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.   *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006); *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).

Ray's argument on appeal, while interesting, is not preserved.  Although Ray objected to the trial court's failure to include an instruction on necessity, he failed to make it clear to the judge that, in addition to wanting that instruction on the primary charge, he also wanted a necessity instruction as to the lesser offense of aggravated assault and why he would be entitled to that instruction.  Raising the issue now on appeal would effectively give Ray a second bite at the apple.

Accordingly, Ray's entitlement to an instruction on necessity on the theory he admitted to the culpable mental state for the lesser included offense of aggravated assault was not preserved. His motion for rehearing is denied.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Rehearing denied
Order issued and filed May 16, 2013