

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00006-CR

SHONNIE FAY SMALLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 69th District Court
Hartley County, Texas
Trial Court No. 1219H, Honorable Ron Enns, Presiding

October 10, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Shonnie Fay Smalley appeals her conviction for the second-degree felony offense of injury to a child[1] following her plea of guilty and assessment of punishment by the court. Through one issue, appellant contends the trial court erroneously admitted and considered for punishment purposes two audio recordings. We will affirm the judgment of the trial court.

---

[1] TEX. PENAL CODE ANN. § 22.04(e) (West 2018). This offense is punishable by imprisonment for any term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (West 2018).

## Background

Appellant was charged by indictment with the first-degree felony offense of injury to a child. She filed a motion to suppress that was denied after a hearing. Subsequently, pursuant to an agreement with the State, appellant pled guilty to the lesser-included second-degree felony offense of injury to a child causing serious bodily injury by reckless conduct. Thereafter, the court, with no recommendation from the State, held a punishment hearing. During that hearing, the State introduced two audio recordings of interviews between a police lieutenant and appellant that were the subject of appellant's motion to suppress, and had previously been heard during the suppression hearing. Appellant objected to their admission. After some discussion, the court admitted the audio recordings.

## Analysis

On appeal, appellant does not complain of the trial court's denial of her motion to suppress. Rather, she poses the question, "Is evidence admitted in a suppression hearing properly before the court for a subsequent punishment hearing?"

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Tillman v. State,* 354 S.W.3d 425, 435 (Tex. Crim. App. 2011) (citation omitted). An abuse of discretion occurs when the trial court acts arbitrarily, unreasonably, or without reference to guiding rules or principles. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex. Crim. App. 1991) (op. on reh'g).

Texas Code of Criminal Procedure article 37.07, § 3(a) governs the admissibility of evidence at a trial's punishment phase and gives to the trial court broad discretion to

2

admit evidence that it believes relevant to sentencing. *Erazo v. State,* 144 S.W.3d 487, 491 (Tex. Crim. App. 2004) (citing TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1)). In establishing what is relevant to sentencing, the focus is on what is helpful to a factfinder in deciding an appropriate sentence for a defendant. *Id.*

After review of the record, we believe appellant derives the issue she poses on appeal from remarks the trial court made when it overruled her punishment-stage objection to the recordings. At the end of the discussion over their admission, the court said, "those have already been introduced before the Court and the Court has already examined those exhibits. I'll go ahead and . . . admit [the recordings] at this time." From this remark, appellant reasons that the court admitted the recordings only because it had reviewed them during the suppression hearing. Her brief states, "The court admitted the audio recordings because the court had already examined them and they had been admitted previously in a suppression hearing." Citing authority that the rules of evidence do not apply to a suppression hearing to determine a preliminary question regarding the admissibility of evidence, *see Granados v. State,* 85 S.W.3d 217, 227 (Tex. Crim. App. 2002), appellant asserts the undisputed position that evidence admitted for purposes of a suppression hearing is not necessarily admissible at trial.

We must overrule appellant's issue on appeal. To begin with, the complaint she raises on appeal, i.e., that the trial court overruled her objection to the recordings for the wrong reason, was not raised with the trial court. *See* TEX. R. APP. P. 33.1 (objection in trial court is prerequisite to appellate review); *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) ("appellate courts may *uphold* a trial court's ruling on any legal theory or basis applicable to the case, but usually may not *reverse* a trial court's ruling on any

3

theory or basis that might have been applicable to the case, but was not raised") (italics in original); *see Gillenwaters v. State,* 205 S.W.3d 534, 537 (Tex. Crim. App. 2006) (also stating rule). The record reflects no objection raised by appellant that the court should not admit the recordings merely because it already had reviewed them at the suppression hearing. Appellant raised a procedural objection to admission of the recordings at the punishment hearing, but her appellate brief contains no argument, authority or analysis explaining why the procedural objection she raised had merit. *See Lucio v. State*, 351 S.W.3d 878, 900 (Tex. Crim. App. 2011) (citation omitted) (point of error on appeal must comport with objection at trial).

Further, even were we to sustain appellant's contention the recordings should not have been admitted, we could not order a new punishment hearing because the record does not show their admission affected appellant's substantial rights. *See* TEX. R. APP. P. 44.2 (standard for reversible error in criminal cases); *Oprean v. State,* 238 S.W.3d 412, 415 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (error affecting substantial rights in punishment stage). The recorded interviews might have shown appellant was untruthful and lacked remorse, but the same facts were demonstrated by the testimony of a medical doctor who saw appellant after the events that led to her prosecution. *See Lane v. State,* 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (error, if any, in the admission of evidence is cured where the same evidence comes in elsewhere without objection).

For those reasons, we overrule appellant's issue on appeal and affirm the trial court's judgment.

James T. Campbell
Justice

Do not publish.