Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00891-CR

James **GARZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR12648A
Honorable Melisa Skinner, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:   Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  October 24, 2012

AFFIRMED

A jury convicted appellant James Garza of capital murder.  The State waived the death penalty and the trial court sentenced Garza to confinement for life without parole.  On appeal, Garza contends his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment.

## BACKGROUND

The facts are unnecessary to our disposition of the appeal.  Accordingly, we provide a brief rendition of the facts for context.  Complainant Mario Alberto Raygoza Jr. was a part-time

college student who worked nights at a grocery store. Garza and another man asked Raygoza to help them move their belongings into an apartment after Raygoza completed a nightshift at the grocery story. This request by Garza, however, was merely a ruse to obtain Raygoza's car. When Raygoza arrived, Garza stabbed him multiple times with a steak knife, threw him into the parking lot, and fled to Colorado. Some weeks after the murder, Colorado police arrested Garza following a shoplifting incident. Garza gave conflicting statements to Colorado authorities about his age, stating at various times he was eighteen, nineteen, and finally seventeen years of age.[1]

## ANALYSIS

In this appeal Garza raises a single complaint. Relying on the Supreme Court's decision in *Miller v. Alabama*, __ U.S. __, 132 S. Ct. 2455 (2012), Garza argues the trial court erred in sentencing him to life without parole because he was seventeen at the time of the offense. Garza contends his sentence violates the mandate against cruel and unusual punishment contained in the Eighth Amendment because his status as a juvenile bars the punishment imposed. *See Miller*, 132 S. Ct. at 2469; *see* U.S. CONST. amend. VIII (providing that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted.").[2]

We recognize that in *Miller*, the Supreme Court held that mandatory life imprisonment without parole for defendants who are under the age of 18 at the time of the offense is committed violates the Eighth Amendment's prohibition on cruel and unusual punishment. *See Miller*, 132 S.Ct. at 2469. However, we need not determine whether Garza's sentence violates the mandates set forth in *Miller* because he has not preserved this issue for our review.

To preserve error for appellate review, the complaining party must make a specific objection or complaint, and obtain on ruling thereon. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.

---

[1] The record does not conclusively establish Garza's age.
[2] The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *See* U.S. CONST. amend. XIV.

Crim. App. 2002); *see Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990) (holding that "[i]n order for issue to be preserved on appeal, there must be a timely objection which specifically states the legal basis for the objection."). Requiring a party to present a timely complaint to the lower court ensures that trial courts are provided an opportunity to correct any error "at the most convenient and appropriate time–when the mistakes are alleged to have been made." *Hull v. State*, 67 S.W.3d 215, 216 (Tex. Crim. App. 2002). As the court explained in *Gillenwaters v. State*:

> The requirement that complaints be raised in the trial court (1) ensures that the trial court will have an opportunity to prevent or correct errors, thereby eliminating the need for a costly and time-consuming appeal and retrial; (2) guarantees that opposing counsel will have a fair opportunity to respond to complaints; and (3) promotes the orderly and effective presentation of the case to the trier of fact.

205 S.W.3d 534, 537 (Tex. Crim. App. 2006).

The Texas Court of Criminal Appeals has long held that even constitutional rights, including the right to be free from cruel and unusual punishment, can be forfeited by a failure to raise a complaint on specific constitutional grounds in the trial court. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that complaint relating to constitutional prohibition against cruel and unusual punishment was waived when no objection on this basis was made in trial court); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding cruel and unusual punishment claim not preserved as defendant urged no objection in trial court); *see also Ham v. State*, 355 S.W.3d 819, 825 (Tex. App.—Amarillo 2011, pet. ref'd) (holding appellant waived complaint that ninety-nine year sentence was grossly disproportionate to offense of murder and therefore constitutes cruel and unusual punishment where appellant failed to raise such complaint in trial court); *Noland v. State*, 264 S.W.3d 144, 152 (Tex. App.— Houston [1st Dist.] 2007, pet. ref'd) (holding appellant waived complaint that sentence violated

Eighth Amendment by failing to raise issue in trial court); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (holding appellant waived complaint regarding right to be free from cruel and unusual punishment under state and federal constitutions by failing to raise issue in trial court).

Here, at the sentencing phase of the trial, the trial court specifically asked Garza's counsel if there was any legal reason he should not be sentenced. Counsel plainly stated, "[n]o reason in the law, Your Honor." The trial court then proceeded to sentence Garza to the statutorily mandated sentence of life without parole. *See* TEX. PENAL CODE ANN. § 12.31(a)(2) (West 2011) (stating that when State does not seek death penalty for offense of capital murder, sentence to be imposed is life without parole). Thereafter, Garza did not object to the sentence imposed, and although he filed a motion for new trial, he did not contend his sentence violated the Eighth Amendment or constituted cruel and unusual punishment. Accordingly, we hold Garza has failed to preserve the issue for our review. *See Rhoades*, 934 S.W.2d at 120; *Curry*, 910 S.W.2d 497.[3]

### CONCLUSION

Based on the foregoing, we overrule Garza's sole issue and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish

---

[3] The State suggests that Garza's issue might be more appropriately raised in a writ of habeas corpus, which would allow Garza the opportunity to more fully develop the record with regard to his age.