

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-11-00728-CR

Kenza **TRIPLETT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR11224C
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by: Marialyn Barnard, Justice

Sitting: Karen Angelini, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed: December 28, 2012

AFFIRMED

A jury found appellant Kenza Triplett guilty of murder. The trial court sentenced Triplett

to sixty years confinement in the Texas Department of Criminal Justice–Institutional Division.

On appeal, Triplett contends the State engaged in improper jury argument at the guilt/innocence

phase of the trial. We affirm the trial court's judgment.

### BACKGROUND

The facts are unnecessary to our disposition of the appeal. Accordingly, we provide a

brief rendition of the facts for context. After an evening spent selling crack, Triplett and three

others drove to a known crack house in west San Antonio. Once there, Triplett covered his face with a bandana and entered a back bedroom. In the bedroom, Triplett brandished a shotgun, and shouted, "How much money you got [. . .]?" Triplett then shot and killed Derek Anderson when Anderson tried to grab the shotgun from Triplett.

## ANALYSIS

Triplett raises a single complaint: the State engaged in improper jury argument at the guilt/innocence phase of the trial when the prosecutor referred to the demands of the community as a rationale for returning a verdict of guilty as charged in the indictment. However, we need not determine whether the State engaged in improper jury argument because Triplett has not preserved this issue for our review. Although Triplett objected to the State's argument, the trial court, while not specifically sustaining the objection, instructed the jury to "render a decision only on the law and the evidence submitted before you."

During the closing argument, the following occurred:

[STATE'S ATTORNEY]: And when this case is over, you haven't been able to talk to your friends, your family yet about the evidence in this case, but think about it. You talk to the person you know with the most common sense and you're telling them about this case. You know, oh my god, it was horrible. It was this crack house. This guy put on a bandana, he went in carrying a shotgun, he went into a back bedroom, and he – and he blew the guy away. And it was horrible. And he – he was a crypt [sic], he was a member of a violent street gang. He had 15 to 20 weapons in the course of his life. You know, he steals from school kids, he's the kind of person that would spit on a guard. He's accused of beating his common law wife. He apparently still has his connects [sic] so that he can get dope in jail. And it was a horrible case. The pictures were awful. It was just rotten. You know, there was [sic] a number of people that testified against him.

*And your friend, or your neighbor, or your spouse will say, well, you found him guilty of murder, right? And, no, we found him guilty of criminally negligent homicide, you know, credit for time served. How – How can that be? Well –*

[DEFENSE ATTORNEY]: I object.

[STATE'S ATTORNEY]: – he took the stand –

THE COURT: Hold on

[DEFENSE ATTORNEY]: I object to this line of argument. They're asking the jury to base their verdict and opinions on people outside of evidence, outside of this trial.

THE COURT: Remember, ladies and gentlemen, according to your oath, you will render a decision only on the law and the evidence submitted before you. You may proceed.

[STATE'S ATTORNEY]: He took the stand, though, and two years later he said that it was an accident, that he was just playing around. You know, you cannot – you can dress him up, you put glasses on him, you can change his appearance, but you can't change the facts, and you can't change what he is. He is a cold-blooded killer and he is guilty of murder. Thank you.

(emphasis added). Triplett's counsel made no other objection to the State's argument and did not move for a mistrial after the trial court instructed the jury that it was to consider only the law and the evidence.

To preserve error for appellate review, the complaining party must make a specific objection or complaint, and obtain on ruling thereon. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990) (holding that "[i]n order for issue to be preserved on appeal, there must be a timely objection which specifically states the legal basis for the objection."). Requiring a party to present a timely complaint to the lower court ensures that trial courts are provided an opportunity to correct any error "at the most convenient and appropriate time – when the mistakes are alleged to have been made." *Hull v. State*, 67 S.W.3d 215, 216 (Tex. Crim. App. 2002). As the court explained in *Gillenwaters v. State*:

> The requirement that complaints be raised in the trial court (1) ensures that the trial court will have an opportunity to prevent or correct errors, thereby eliminating the need for a costly and time-consuming appeal and retrial; (2) guarantees that opposing counsel will have a fair opportunity to respond to

complaints; and (3) promotes the orderly and effective presentation of the case to the trier of fact.

205 S.W.3d 534, 537 (Tex. Crim. App. 2006).

A defendant's failure to object to a jury argument or a defendant's failure to pursue an adverse ruling on his objection to a jury argument forfeits his right to complain about the argument on appeal. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Here, as noted above, Triplett made no further objection after the trial court's instruction, and never sought a mistrial. Accordingly, he never received an adverse ruling.

Accordingly, we overrule Triplett's complaint because he failed to preserve it for our review.

### CONCLUSION

Having determined Triplett failed to preserve his complaint about the State's alleged improper jury argument, given the trial court's curative instruction and Triplett's failure to obtain any adverse ruling, we overrule Triplett's sole complaint and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish