ACCEPTED
13-15-00089-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/10/2015 1:33:38 PM
CECILE FOY GSANGER
CLERK

## No. 13-15-00089-CR

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**IN THE COURT OF APPEALS**
**THIRTEENTH DISTRICT**
**CORPUS CHRISTI, TEXAS**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/10/2015 1:33:38 PM
CECILE FOY GSANGER
Clerk

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ROBERTO SAVEDRA,**
**APPELLANT**

**V.**

**THE STATE OF TEXAS,**
**APPELLEE**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**On Appeal from Cause No. 99-4-6124**
**in the 24th Judicial District Court**
**of Jackson County, Texas**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**STATE'S REPLY BRIEF**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ROBERT E. BELL**

**District Attorney**

**State Bar Card No. 02086200**

**Jackson County Courthouse**
**115 West Main Street**
**Edna, Texas 77957**

**JIM VOLLERS**
**State Bar Card No. 20609000**
**2201 Westover Road**
**Austin, Texas 78703**

**ATTORNEYS FOR THE STATE**

i

## IDENTITY OF PARTIES AND COUNSEL

1.  Robert E. Bell
    Criminal District Attorney, Jackson County
    State Bar Card No. 02086200
    Jackson County Courthouse
    115 West Main Street
    Edna, Texas  77957
    Email:  ef_mitchell@yahoo.com

    Jim Vollers
    Attorney at Law
    State Bar Card No. 20609000
    2201 Westover Road
    Austin, Texas  78703
    Email:  jimvollers@att.net
    **Attorneys for the State**

2.  Roberto Savedra
    **Appellant**

3.  Ralph R. Martinez
    Attorney at Law
    State Bar Card No.13143600
    2900 Woodridge, Suite 202
    Houston, Texas  77087
    Email:  ralis994@aol.com
    **Attorney for Appellant**

4.  Honorable Stephen Williams, District Judge
    24th Judicial District Court, Jackson County Courthouse
    115 West Main Street
    Edna, Texas  77957
    Email:  kwilliams@cscd.net
    **Trial Judge**

# TABLE OF CONTENTS

**PAGE**

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . .    ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . .    iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . .    v

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . .    2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . .    2

APPELLANT'S ASSIGNMENT OF ERROR NUMBER ONE
    (RESTATED). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

    WHETHER APPELLANT'S STATEMENT TO OFFICER
    PAT BRENNAN AND CONSENTS TO SEARCH AND
    MOVE HIS VEHICLE WERE OBTAINED AS A RESULT
    OF AN ILLEGAL PROLONGED DETENTION

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . .    6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

APPELLANT'S ASSIGNMENT OF ERROR NUMBER TWO
    (RESTATED). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    15

    WHETHER THE SEARCH OF APPELLANT'S VEHICLE
    WAS ILLEGAL FOR FAILURE OF POLICE TO GIVE
    APPELLANT HIS MIRANDA WARNINGS PRIOR TO
    SECURING APPELLANT'S CONSENTS TO SEARCH
    HIS VEHICLE

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . .    15

APPELLANT'S ASSIGNMENT OF ERROR NUMBER THREE
(RESTATED). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

WHETHER THE CONSENTS GIVEN BY APPELLANT
TO SEARCH HIS VEHICLE AND MOVE HIS VEHICLE
TO ANOTHER LOCATION WERE KNOWINGLY AND
VOLUNTARILY GIVEN

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . 16

APPELLANT'S ASSIGNMENT OF ERROR NUMBER FOUR
(RESTATED). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

WHETHER THE STATEMENTS APPELLANT GAVE TO
OFFICER PAT BRENNAN WERE INVOLUNTARILY
OBTAINED IN VIOLATION OF TEXAS CODE OF
CRIMINAL PROCEDURE ARTICLE 38.21 AND 38.22,
THE FIRTH AMENDMENT OF THE UNITED STATES
CONSTITUTION, AND ARTICLE I §10 OF THE
TEXAS CONSTITUTION

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . 21

# INDEX OF AUTHORITIES

**CASES**:                                                    **PAGE**

**Gillenwaters v. State**, 205 S.W.3d 534, 537
        (Tex.Crim.App. 2006) . . . . . . . . . . . . . . . . . . . . . .     7

**Juarez v. State**, 758 S.W.2d 772, 781, n.5
        (Tex.Crim.App. 1988) . . . . . . . . . . . . . . . . . . . . . .     13

**Kothe v. State**, 152 S.W.3d (Tex.Crim.App. 2004) . . . . . . . .     13

**Lankston v. State**, 827 S.W.2d 907, 909
        (Tex.Crim.App. 1992) . . . . . . . . . . . . . . . . . . . . . .     8

**Layton v. State**, 280 S.W.3d 235 (Tex.Crim.App. 2009) . . . .     7

**Neal v. State**, 150 S.W.3d 169, 178 (Tex.Crim.App. 2004) . .     8

**Rodriguez v. United States**, 135 S.Ct. 1609 . . . . . .  9, 10, 12, 13

**Schneckloth v. Bustamonte**, 412 U.S. 218 . . . . . . . . . . . .     13

**Zillender v. State**, 557 S.W.2d 515, 517
        (Tex.Crim.App. 1977) . . . . . . . . . . . . . . . . . . . . . .     8


**TEXAS RULES OF APPELLATE PROCEDURE:**

Rule 33.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     7

Rule 33.1(a)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . .     7


**TEXAS RULES OF EVIDENCE:**

Rule 103(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     7

NO. 13-15-00089-CR

IN THE COURT OF APPEALS

THIRTEENTH DISTRICT

CORPUS CHRISTI, TEXAS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ROBERTO SAVEDRA,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On Appeal from Cause No. 99-4-6124
in the 24th Judicial District Court
of Jackson County, Texas

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

STATE'S REPLY BRIEF

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

**COMES NOW, THE STATE OF TEXAS,** appellee herein, and files this, its reply brief herein, and would show unto the Court the following:

1

## STATEMENT OF THE CASE

Appellant was charged by indictment with possession of marijuana in an amount between five and 50 pounds. On February 17, 2015, appellant waived a jury and was tried before the court upon his plea of not guilty. Appellant had filed two motions to suppress and they were carried along with the trial. At the conclusion of the evidence, the court overruled both motions based upon evidence presented at trial and found appellant guilty of possession of marijuana and assessed his punishment at six years confinement in the Texas Department of Criminal Justice.

## STATEMENT OF FACTS

This was a trial before the court conducted on February 17, 2015, for an offense committed on February 16, 1999. On that date Trooper Frank Rios of the Texas Department of Public Safety, while on routine patrol, observed appellant driving a 1981 Dodge pickup that was pulling a trailer that did not have a front license plate on the vehicle, did not have a left outside rearview mirror that was required when pulling a trailer, and had a defective muffler that sometimes struck the pavement under the pickup R. (Vol. 2, pp. 10-18). When

2

Trooper Rios made the routine traffic stop, appellant exited the vehicle at Trooper Rios' request and produced a Louisiana driver's license before he was requested to do so (R. Vol. 2, p. 12). Rios became suspicious when appellant would not look him in the eye when he talked to him and appeared to be more nervous than usually occurred for a routine traffic stop for minor violations (R. Vol. 2, p. 13). Appellant identified the passenger as his wife. Rios asked appellant and his wife routine questions such as where they were coming from, where they were going and the purpose of the trip. Because of appellant's reactions and the conflict in answers between appellant and his wife, Rios became increasingly suspicious that the situation involved more than a routine traffic stop (R. Vol. 2, pp. 16-17). Rios then requested appellant's consent to conduct a search of the vehicle and the trailer. Appellant consented to the search. This request and consent occurred only about two or three minutes maybe four after the initial traffic stop was made (R. Vol. 2, p. 35) and before Rios had concluded such matters as conducting a routine check of the vehicle license and writing a ticket for the offenses he observed (R. Vol. 2, pp. 29-34).

When Rios looked under appellant's vehicle, he noticed two non-factory welds on the drive shaft yoke and indications that certain bolts connecting the drive shaft had been disturbed. Rios became suspicious that the drive shaft which was about four inches wide and hollow contained contraband, even though when he tapped on it it sounded hollow, because of his observation that the bolts had been disturbed but the universal joint had not been replaced. He again asked appellant's permission and consent to remove the vehicle to a garage because he needed further tools to conduct the search (R. Vol. 2, pp. 17-19). Appellant consented and agreed to follow Rios to a garage in Ganado. Once he got there, Rios again asked for permission to continue the search and appellant granted consent (R. Vol. 2, pp. 19-20). Rios then drilled an inspection hole into the drive shaft, hit another pipe, continued to drill and found that it contained a "green substance that smelled like unburnt marijuana." Then the drive shaft was taken apart and found to contain 9.60 pounds of marijuana (R. Vol. 2, p. 21).

After the discovery of the marijuana, appellant was interviewed by Sergeant Pat Brennan and told Sergeant Brennan that he,

appellant, actually put the marijuana in the drive shaft (R. Vol. 2, pp. 23-24). Pat Brennan, who was a sergeant investigator with Department of Public Safety Narcotics Service, sponsored the introduction of State's Exhibit 8 which was a taped interview with appellant, which was played to the court. This exhibit included Brennan's explanation of appellant's rights and warnings to appellant along with his waiver of his right to counsel and his confession (R. Vol. 2, pp. 46-48).

The State further proved that appellant skipped bail on this charge. The bond was forfeited and appellant was later arrested for a different traffic offense on April 7, 2014 and returned to Jackson County for trial (R. Vol. 2, pp. 51-56).

At the conclusion of the evidence, the trial court stated:

"The motion to suppress statements and the motion to suppress evidence are denied and I've signed the orders to that effect. I do find that there was probable cause for the stop, that the Trooper received consent for the subsequent searches and as to the statement I find it was voluntary and that he had been properly admonished."
(R. Vol. 1, p. 59)

Prior to this ruling by the trial court, appellant had objected to State's Exhibit 8 only on the grounds stated in his pretrial motion (R.

5

Vol. 1, p. 47) and in his argument to the court immediately prior to the ruling which might be construed as objections (R. Vol. 2, pp. 58-59).

## APPELLANT'S ASSIGNMENT OF ERROR NUMBER ONE (RESTATED)

**WHETHER APPELLANT'S STATEMENT TO OFFICER PAT BRENNAN AND CONSENTS TO SEARCH AND MOVE HIS VEHICLE WERE OBTAINED AS A RESULT OF AN ILLEGAL PROLONGED DETENTION.**

## ARGUMENT AND AUTHORITIES

As set forth in his Assignment of Error Number One, appellant's complaint is that appellant's consents to search and his statement to Officer Brennan were tainted by "an illegal prolonged detention." Examination of this record reveals that this issue was not preserved for review.

Appellant filed two motions to suppress in this cause. One, titled "Motion to Suppress Statements," containing five allegations, none of which mention that his statement was tainted by "an illegal prolonged detention" resulting from a traffic stop. In his motion titled "Motion to Suppress Evidence," appellant alleged that he was

6

"illegally stopped by officers" and the traffic stop and seizure was made in violation of the Fourth Amendment of the United States Constitution." Nowhere does it suggest that there was an "illegal prolonged detention."

Rule 33.1 of the Texas Rules of Appellate Procedure specifically provides that as a prerequisite to presenting a complaint for appellate review the record must show that "the complaint was made to the trial court by a timely request, objection, or motion" that stated the grounds for the ruling that the complainant sought from the trial court "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context;" and the trial court ruled on the request, objection or motion, either expressly or implicitly.

It was pointed out in **Layton v. State**, 280 S.W.3d 235 (Tex.Crim.App. 2009), "In order to preserve an issue for appellate review, a timely and specific objection is required. TEX.R.APP. P. 33.1(a)(1)(A); TEX.R. EVID. 103(a)(1); *Gillenwaters v. State,* 205 S.W.3d 534, 537 (Tex.Crim.App.2006). A specific objection is necessary to inform the trial judge of the issue and basis of the

7

objection, and to allow the judge a chance to rule on the issue at hand. *Neal v. State,* 150 S.W.3d 169, 178 (Tex.Crim.App.2004), citing *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Crim.App.1977). As we stated in *Lankston v. State,* 827 S.W.2d 907, 909 (Tex.Crim.App.1992), 'all the party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.'" (280 S.W.3d 239). This record fails to reveal that appellant voiced any further objection in the bench trial in this cause that would indicate to the trial judge that his request for relief was based upon the illegality of a "prolonged detention." He simply did not let the trial judge know what he wanted and why he thought he was entitled to it clearly enough for the judge to understand him at the time when the trial court was in a position to do something about it. It is therefore respectfully submitted that this point of error was not preserved for review.

Even if this Court feels that this issue has been preserved, it is clearly without merit.

It appears that the manner in which the issue is presented herein the main issue to be decided is whether or not appellant was subjected to an improperly prolonged detention after a proper traffic stop. Appellant relies rather strongly upon **Rodriguez v. United States**, 135 S.Ct. 1609. The State respectfully submits that **Rodriguez** is inapplicable because the court clearly states that the question presented in that case was "whether the Fourth Amendment tolerates a dog sniff conducted <u>after completion</u> of a traffic stop." (Emphasis added). In **Rodriguez** the facts relied upon by the Supreme Court revealed that a traffic stop was made at 12:06 a.m. and by 12:27 or 12:28 a.m. the officer had finished explaining the warning to Rodriguez and had given him back the documents obtained from him. At that point Rodriguez had all of his documents back and a copy of the written warning and the officer had gotten all of the reasons for the stop out of the way. Nevertheless, he did not consider Rodriguez "free to leave," although justification for the traffic stop was out of the way, the officer asked Rodriguez for permission to walk his dog around the vehicle. Rodriguez said <u>no</u>. The officer then instructed Rodriguez to turn off the ignition, exit the

9

vehicle and stand in front of the patrol car to wait for a second officer to arrive. Rodriguez complied and at 12:33 another deputy sheriff arrived and the dog was lead twice around Rodriguez's vehicle. The dog alerted to drugs and a search of the vehicle was conducted. The Supreme Court then concluded that the police may not "routinely" extend an otherwise completed traffic stop, <u>absent reasonable suspicion</u>, in order to conduct the dog sniff. The court went on to note that the court of appeals did not review the determination of whether or not the detention of Rodriguez for the dog sniff "was not independently supported by individualized suspicion" and went on to hold that "the question whether reasonable suspicion of criminal activity justified detaining Rodriguez beyond completion of the traffic infraction investigation, therefore, remains open for Eighth Circuit consideration on remand."

From this, it is perfectly clear that if there is a reasonable suspicion to suspect that there are other violations, the detention is justified. It therefore appears that in the **Rodriguez** case the holding of the court that requires that a traffic stop end "when tasks tied to the traffic infraction are – or reasonably should have been –

10

completed" specifically left the question open as to whether a reasonable suspicion of criminal activity justified detaining the completion of the traffic infraction investigation. In the instant case, the officer who made the traffic stop developed a reasonable suspicion of criminal activity within a couple of minutes by reason of the conduct of appellant and the conflicting answers to questions posed between appellant and his wife. When appellant gave his voluntary permission for Rios to search his vehicle, Rios was acting not only on a reasonable suspicion of criminal activity but also on voluntary consent by the owner of the vehicle to conduct a search. Then, upon searching the vehicle, Rios concluded, based upon what he saw and upon his experience, that there was not only a more reasonable suspicion of criminal activity but a reasonable belief by Rios that contraband was contained in the drive shaft of the vehicle.

Since Officer Rios developed a reasonable suspicion of criminal activity within two or three minutes after stopping appellant and immediately asking appellant for permission to conduct a search, which was voluntarily granted by appellant, there was no "routine" extension of the traffic stop because Rios was acting both upon his

reasonable suspicion and upon appellant's voluntary grant of permission for Rios to search the automobile. Under these circumstances, appellant is certainly misplacing his reliance upon **Rodriguez**, supra. It should be noted that the only evidence that appellant's consent to search was voluntary was offered by the State and certainly support the trial court's finding that appellant voluntarily consented to the search. Also, it should be noted that allegations in this brief by appellant that he was "continuously interrogated" and "aware his wife was interrogated" and "was restrained knowing his wife would be arrested" (Brief, p. 15) are without any support in this record and clearly are simply figments of appellant's imagination. Appellant's statement in his brief that he was "not allowed to consult family or counsel" is also without support in this record.

Appellant also complains that his consent to the searches was involuntary because he was given no **Miranda** warning prior to the consent. While there were a number of cases observing that a **Miranda** warning is good police procedure, appellant cites none that says that it is necessary in order to make the consent to search

voluntary.  As a matter of fact, it has been held that police need not inform a person of his right to refuse to consent to a search. **Schneckloth v. Bustamonte**, 412 U.S. 218; **Juarez v. State**, 758 S.W.2d 772, 781, n.5 (Tex.Crim.App. 1988).  If there is no requirement that a person must be warned of his right to refuse to consent to a search, there certainly is no requirement that a **Miranda** warning is necessary in order to make a consent to search voluntary.  Appellant's assertion that there was an illegal prolonged detention is without merit and his reliance upon **Rodriguez** simply is inappropriate.

Actually this situation is more similar to the situation faced in **Kothe v. State**, 152 S.W.3d 54 (Tex.Crim.App. 2004) where the court was considering the problem of whether an officer's continued detention was "reasonable" under the circumstances.  In addressing the issue the court pointed out that in assessing a legal issue, the appellate court should give great deference to the trial court's findings of historical fact; however, questions involving legal principles and the application of law to established facts are properly reviewed de novo.  Thus, in deciding whether the officer's continued

13

detention was "reasonable" under the specific circumstances, the court would review the trial court's factual findings in the light most favorable to its ruling, but decide the issue of "reasonableness" as a question of Fourth Amendment law under Supreme Court precedent, viewing the totality of the circumstances in the light most favorable to the trial court's factual findings. It concluded that the officer's decision to return to his vehicle and simply wait a few minutes for the warrant-check results before releasing the defendant was "reasonable" as a matter of substantive Fourth Amendment law. Here the officer was acting reasonably as a matter of substantive Fourth Amendment law by delaying release of appellant based upon appellant's voluntary consent to search the vehicle as well as the officer's reasonable suspicion that a criminal act was being committed by appellant.

## **CONCLUSION**

Since there was no illegal detention, there is simply no necessity to examine whether or not the consent to search and voluntariness of his statement were impacted by an illegal detention.

14

This assignment of error is not supported by the record or the legal authority relied upon and is without merit.

## APPELLANT'S ASSIGNMENT OF ERROR NUMBER TWO (RESTATED)

**WHETHER THE SEARCH OF APPELLANT'S VEHICLE WAS ILLEGAL FOR FAILURE OF POLICE TO GIVE APPELLANT HIS <u>MIRANDA</u> WARNINGS PRIOR TO SECURING APPELLANT'S CONSENTS TO SEARCH HIS VEHICLE.**

## ARGUMENT AND AUTHORITIES

While appellant complains only of the failure to give **<u>Miranda</u>** warnings in his point of error, he argues also that consent by appellant to search his vehicle was improper because of an extended investigation after a traffic stop of matters not involved in the traffic stop. First of all, it is noted that this second contention is not within the scope of appellant's assignment of error, and neither of these contentions are preserved for review because appellant made no specific objection to these issues in the trial court.

Since the issue of preservation of these errors and the substance of appellant's arguments have been addressed in the argument and authorities under Appellant's Assignment of Error Number One, the State simply adopts its answer to Appellant's

15

Assignment of Error Number One as its response to the Assignment of Error Number Two.

As shown in the previous argument and authorities, Appellant's Assignment of Error Number Two is without merit and should be overruled.

## APPELLANT'S ASSIGNMENT OF ERROR NUMBER THREE (RESTATED)

**WHETHER THE CONSENTS GIVEN BY APPELLANT TO SEARCH HIS VEHICLE AND MOVE HIS VEHICLE TO ANOTHER LOCATION WERE KNOWINGLY AND VOLUNTARILY GIVEN.**

### ARGUMENT AND AUTHORITIES

Again, it is respectfully submitted that this record does not contain specific objections, either in his motions to suppress or the trial to the issues which he argues in this assignment of error. The argument and authorities offered by the State under Appellant's Assignment of Error Number One on this issue are adopted herein as a response to the allegations contained in Assignment of Error Number Three.

If the Court feels that this issue has been preserved for review, it is respectfully submitted that the trial judge's finding that "the

16

Trooper received consent for the subsequent searches" (R. Vol. 2, p. 59) carries with it the implicit finding by the trial court that the consents to search given by appellant were voluntary. The only testimony admitted on this issue was offered by the State indicating that appellant knew and understood what he was doing and consented to the searches. Appellant offered absolutely no evidence of any sort that the searches were not voluntary. The evidence in this cause contains no suggestion whatsoever that the trial judge abused his discretion in finding that the consents to search were voluntary.

It is respectfully suggested that this issue is not properly preserved for review, and if it had been, the trial court did not abuse its discretion in overruling any objection on this issue which might have been made by appellant.

## APPELLANT'S ASSIGNMENT OF ERROR NUMBER FOUR (RESTATED)

**WHETHER THE STATEMENTS APPELLANT GAVE TO OFFICER PAT BRENNAN WERE INVOLUNTARY OBTAINED IN VIOLATION OF TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 38.21 AND 38.22, THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND ARTICLE I §10 OF THE TEXAS CONSTITUTION.**

## ARGUMENT AND AUTHORITIES

Since this issue is basically the same as that set forth in Appellant's Assignment of Error Number Three, the State simply adopts the argument and authorities made in Appellant's Assignment of Error Number Three in response to these allegations.

It is respectfully submitted that the question presented by appellant was not preserved for appellate review, and if it had been properly preserved it is without merit.

Appellant's primary argument is that his "inability to comprehend English and the interviewer Pat Brennan's inability to speak Spanish" made the interview presumptively involuntary to support appellant's contention that this issue was raised. The record reveals an unsworn statement by his counsel to the court that appellant "keeps speaking to me in Spanish and says he can't speak English" (R. Vol. 2, p. 6), and the unsworn response by appellant when asked if he could speak English was "Not too much." (R. Vol. 2, p. 6). The record reveals that both the arresting officer and the officer who took the statement from appellant testified that appellant did understand English and understood the **Miranda** warnings which

18

were given.  In addition to this, the trial court had the opportunity to hear a 15-minute interview in order to judge appellant's capacity to understand exactly what was going on.  This record is before this Court and it includes the recording which the State feels shows appellant's ability to speak English and his understanding of all that occurred.  It is respectfully submitted that this evidence certainly supports the fact that the trial court did not abuse its discretion in determining that appellant did understand English and that his confession was voluntary.

This assignment of error is without merit and should be overruled.

## **CONCLUSION**

**WHEREFORE, PREMISES CONSIDERED,** it is respectfully submitted that the record in this cause reveals that appellant's complaints are completely without merit and that the judgment of the trial court should be in all things affirmed.

Respectfully submitted,

Robert E. Bell
District Attorney
State Bar Card No. 02086200
Jackson County Courthouse
115 W. Main Street
Edna, Texas  77957


/s/ Jim Vollers
Jim Vollers
State Bar Card No. 20609000
2201 Westover Road
Austin, Texas  78703

**ATTORNEYS FOR THE STATE**


**CERTIFICATE OF SERVICE**

I hereby certify that on this the 10th day of July, 2014, a true and correct copy of the foregoing was served electronically through the electronic filing manager on the party listed below:

Ralph R. Martinez, Attorney at Law, 2900 Woodridge, Suite 202, Houston, Texas 77087, Attorney for Appellant, at ralis994@aol.com.

Robert E. Bell, District Attorney, Jackson County Courthouse, 115 West Main Street, Edna, Texas 77957, Attorney for Appellee, at ef_mitchell@yahoo.com.

Judge Stephen Williams, District Judge, 24th Judicial District Court, 115 West Main Street, Edna, Texas  77957, at kwilliams@cscd.net.

If the email of the party or attorney to be served was not on file with the electronic filing manager, the pleading was served by email.


/s/ Jim Vollers
Jim Vollers


## CERTIFICATE OF COMPLIANCE

I certify that this document contains 5,106 words (counting all parts of the document).


/s/ Jim Vollers

Jim Vollers
2201 Westover Rd.
Austin, Texas 78703
(512) 478-6846
SBN 20609000
JimVollers@att.net
**COUNSEL OF RECORD**