# NO. 12-15-00059-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DERRICK DEMOND COOKS,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Derrick Demond Cooks appeals his conviction for possession of a controlled substance. He raises one issue on appeal regarding the trial court's denial of his motion to suppress. We affirm.

### BACKGROUND

A Smith County grand jury indicted Appellant for the offense of possession of a controlled substance, namely phencyclidine, in an amount of less than one gram. Appellant pleaded not guilty, and a jury trial was held. Ultimately, the jury found Appellant guilty of the offense and assessed his punishment at two years of confinement with a fine of $6,500.00. This appeal followed.

### PRESERVATION OF ERROR

In his sole issue, Appellant contends that the trial court erred in overruling his motion to suppress. Specifically, Appellant argues that the search of his pockets "exceeded the scope of any legally permissible search." The State contends that Appellant did not present this argument to the trial court.

## Applicable Law

Failure to present a timely and specific objection, request, or motion to the trial court for a ruling results in waiver or forfeiture of the right to present the claim on appeal. *See* TEX. R. APP. P. 33.1; *Mendez v. State*, 138 S.W.3d 334, 341–42 (Tex. Crim. App. 2004). The requirement that complaints be raised in the trial court (1) ensures that the trial court will have an opportunity to prevent or correct errors, thereby eliminating the need for a costly and time-consuming appeal and retrial; (2) guarantees that opposing counsel will have a fair opportunity to respond to complaints; and (3) promotes the orderly and effective presentation of the case to the trier of fact. *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006); *Stinecipher v. State*, 438 S.W.3d 155, 159 (Tex. App.—Tyler 2014, no pet.).

A party need not spout "magic words" to make a valid objection. *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009). To avoid forfeiture of a complaint on appeal, all a party has to do is

> let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.

*Id.* (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). The urging of a motion to suppress is one method of preserving error.

A motion to suppress evidence is a specialized objection to the admissibility of evidence. *Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012). However, where a motion to suppress makes broad arguments and otherwise fails to bring the specific matter to the trial court's attention that an appellant later seeks to raise on appeal, error is not preserved. *See Gomez v. State*, 459 S.W.3d 651, 668 (Tex. App.—Tyler 2015, pet. ref'd). When considering argument on a motion to suppress, "a complaint that could, in isolation, be read to express more than one legal argument will generally not preserve all potentially relevant arguments for appeal." *Id.* (quoting *Resendez v. State*, 306 S.W.3d 308, 314 (Tex. Crim. App. 2009)). Only when there are clear contextual clues indicating that the party was, in fact, making a particular argument will that argument be preserved. *Id.*

Lastly, an issue on appeal must comport with the objection made at trial, i.e., an objection stating one legal basis may not be used to support a different legal theory on appeal. *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014); *Walker v. State*, 469 S.W.3d 204, 210

(Tex. App.—Tyler 2015, pet. ref'd). Thus, when an appellant's trial objection does not comport with his argument on appeal, he has forfeited his right to raise the issue. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).

**Discussion**

Appellant's motion to suppress alleged, among other things, that Smith County Sheriff Deputy Corey Cameron violated his constitutional and statutory rights "under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas Constitution, and under Article 38.23 of the Texas Code of Criminal Procedure." The motion further alleged that any evidence seized in connection with the case was "seized without warrant, probable cause or other lawful authority" in violation of Appellant's rights "pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Sections 9, 10, and 19 of the Constitution of the State of Texas."

At the conclusion of testimony during the hearing on Appellant's motion to suppress, trial counsel made the following statement:

> Judge, it's my motion, and I'll just submit on the motion and the evidence and ask the Court to find that the stop was made because the car was—the vehicle was targeted without the requisite probable cause and ask the Court to find that the evidence should not be admissible and should be suppressed.

Trial counsel did not raise any issue regarding the search of Appellant's pockets before the trial court.

Appellant's written motion is insufficient in itself to preserve for appeal the specific argument that Officer Cameron's search of Appellant's pockets exceeded the scope of a *Terry* pat-down, as Appellant argues in his brief. *See Gomez*, 459 S.W.3d at 669. Moreover, trial counsel's announcement to the trial court challenging the traffic stop cannot now be used to support Appellant's contention that the officer's search of his pockets was impermissible. *See Walker*, 469 S.W.3d at 210. Appellant failed to preserve error because his argument to the trial court does not comport with the argument he now makes on appeal. *See Bekendam*, 441 S.W.3d at 300; *Clark*, 365 S.W.3d at 339. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, the judgment of the trial court is ***affirmed***.


**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 30, 2015**

**NO. 12-15-00059-CR**

**DERRICK DEMOND COOKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1485-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*